## GRAHAM v. STATE.

No. 25432.   Oct. 25, 1938.

W. H. Coutts, Jr., Dyke Ballinger, and Bryce Ballinger, for plaintiff in error.

Mac Q. Williamson. Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

OSBORN, C. J. Plaintiff, Jessie Graham. instituted this action in the district court of Delaware county against the state of Oklahoma to recover damages for personal injuries which she alleged were sustained when she drove an automobile into an excavation on State Highway No. 10 in Delaware county. It was alleged that the servants and agents of the 'State Highway Department were negligent in leaving the excavation unguarded and in failing to erect detour signs or warning signals to warn approaching travelers of the danger. The trial court sustained a demurrer to plaintiff's petition and dismissed the action and plaintiff has appealed. The parties will be referred to as they appeared in the trial court.

The action was instituted under authority of Senate Joint Resolution No. 10 of the 14th Legislature (chapter 171, S. L. 1933), which purported to authorize plaintiff to institute an action against the state. Several propositions are urged by the Attorney General appearing for the state in support of the contention that the joint resolution is unconstitutional and ineffective. It is urged, first, that a legislative joint resolution is not an enactment of law, but a mere expression of legislative opinion, and that immunity of the state from suit can only be waived by enactment of a statute. In support of the contention are cited the cases of Hawks v. Bland, 156 Okla. 48. 9 P.2d 720; Wright v. Carter, 161 Okla. 281, 18 P.2d 522. It is unnecessary to determine that proposition in this case, for, if the joint resolution has the standing and dignity of a law, it is a special law, and under the holding of this court in the case of Jack v. State, 183 Okla. 375, 82 P.2d 1033, the same is unconstitutional and invalid.

The judgment is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and DAVISON, JJ., concur. HURST, J., concurs in conclusion. GIBSON, J., dissents. WELCH, J., absent.