WRIGHT v. STATE.

No. 30882.   May 18, 1943.

*137 P. 2d 796.*

Joseph D. Mitchell, of Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

GIBSON, V. C. J. This action was instituted in district court by Mrs. Arthur Wright against the state pursuant to authority allegedly conferred by Senate Joint Resolution No. 18 of the Sixteenth Legislature, to recover damages for personal injuries allegedly sus-

tained as a result of the negligence of a state employee. Plaintiff stood on her petition after demurrer thereto was sustained, and now appeals from the judgment rendered against her.

The joint resolution identified the cause of action and purported to waive the immunity of the state from suit by Mrs. Wright.

The question is whether the petition was sufficient to withstand the general demurrer.

Defendant's position is that the petition on its face disclosed want of jurisdiction or power in the trial court to grant the relief sought, in that the joint resolution waiving the state's immunity was unconstitutional. It was a special law, counsel say, in an instance where a general law could have been made applicable, and was therefore void. Section 59, art. 5, Const.

Plaintiff says the general demurrer would not reach the question of the unconstitutionality of the joint resolution. No authority is cited.

A joint resolution, when enacted pursuant to constitutional provisions, has the force and effect of a statute (Ward v. State, 176 Okla. 368, 56 P. 2d 136), and is presumed to be constitutional. And it has been said that the unconstitutionality of a statute is an affirmative defense. Kewanee Oil & Gas Co. v. Mosshamer, 58 Fed. 2d 711.

However, we have heretofore treated a general demurrer as sufficient to raise the issue in cases of this character. Jack v. State, 183 Okla. 375, 82 P. 2d 1033. That case involved an act of the 1935 Legislature, identical in its nature and purposes with the present enactment. We held it unconstitutional as being a special law concerning a subject where a general law could have been made to apply, sec. 59, supra. That section reads as follows:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

We held there that the trial court did not err in sustaining the demurrer to the petition. The holding governs in this case. (See, also, Ford v. State, 183 Okla. 386, 82 P. 2d 1045; Graham v. State, 183 Okla. 574, 83 P. 2d 815.)

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. ARNOLD, J., concurs in result. WELCH, J., dissents.