VAN HORN v. VAN HORN.

No. 31168. Sept. 28, 1943.

Rehearing Denied Oct. 19, 1943.

*141 P. 2d 1006.*

Ernest F. Jenkins, of Stillwater, for plaintiff in error.

Swank & Swank, of Stillwater, for defendant in error.

OSBORN, J. G. C. Van Horn, hereinafter referred to as appellant, prosecutes this appeal from a judgment of the district court of Payne county predicated upon a jury verdict which found appellant guilty of contempt of court for failing, neglecting, and refusing to make certain payments of alimony in conformity to a judgment entered against him in said court, and in favor of Malda Mae Van Horn, hereinafter referred to as appellee. The appeal is by petition in error and transcript of the record.

Upon appeal the appellant attacks the sufficiency of the petition for citation on the ground that it fails to allege facts sufficient to show that the failure of appellant to comply with the judgment of the court was willful. This was an amendable defect. Townsend v. Townsend, 174 Okla. 185, 50 P. 2d 147. See Fagin v. Thoroughman, 190 Okla. 649, 126 P. 2d 982. As we view it, the question of whether or not the petition for citation is sufficient is not properly before us. It is the well-established rule that a judgment of a trial court will not be reversed because of defects or omissions in the petition when such defects or omissions are supplied by the proof without objection. Riddle v. Brann, 191 Okla. 596, 131 P. 2d 999, and authorities therein cited. It is also well established that a general verdict includes a finding of every material and issuable fact in favor of the prevailing party. Chicago,

R. I. & P. R. Co. v. Richerson, 185 Okla. 560, 94 P. 2d 934, and authorities therein cited. In the instant case the jury found the appellant guilty, and the judgment followed the verdict. Since the appeal is by petition in error and transcript and the evidence is not before us, we must assume that there was ample competent evidence to sustain the verdict and findings of the jury and that the pleadings were amended in conformity with the proof so presented.

As a second proposition, appellant contends for reversal of the cause for the reason that the citation issued against him was signed by the district judge and not by the clerk of the court. He relies wholly upon 12 O. S. 1941 § 28, which is a general statute relating to the duties of court clerks and provides that all writs and orders for provisional remedies and process of every kind shall be issued by the clerks of the several courts upon a praecipe filed with the clerk demanding the same. As pointed out in the case of Woodworth v. Woodworth, 173 Okla. 554, 48 P. 2d 1052, this is a proceeding in indirect contempt and it is required that such proceeding follow the statutory requirements. See 21 O. S. A. § 567 et seq. Examination of the proceedings in the instant case discloses that the procedure prescribed in these statutes was substantially complied with. Appellant's contention in this respect is without merit.

No error appears upon the face of the record presented herein, and the cause is affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.