DAVIS v. MURPHY.

No. 32888.   Nov. 25, 1947.

Rehearing Denied Jan. 6, 1948.

*188 P. 2d 229.*

George W. Reed, Jr., of Tulsa, for plaintiff in error.

S. J. Clendinning and C. Lawrence Elder, both of Tulsa, for defendant in error.

CORN, J.   May 12, 1943, plaintiff secured a default judgment of divorce from Jorel Edward Murphy. The trial court also awarded plaintiff custody of Joe Edward Murphy, a minor son of the parties, and directed the defendant father to pay $15 per month support money for the benefit of said minor.

October 18, 1944, upon application of the father, an order was entered sustaining his application for change of custody of the child, and directing that full custody of the minor be given to the defendant herein, Mrs. J. E. Davis, the paternal grandmother.

Thereafter, August 28, 1945, upon application of the plaintiff for an order changing custody, the trial court entered a further order continuing custody of the child with its grandmother, but directing that the plaintiff have the care of the child for a period of 75 consecutive days beginning June 10, 1946, and for a like period in each succeeding year, conditioned upon her posting bond of $250 for return of the child within the specified time.

Plaintiff filed the required bond and requested custody of the child for the period beginning June 10, 1946. The grandmother failed to deliver the child in compliance with the terms of the original order. On June 15, 1946, the plaintiff made a further application for an order modifying the order of August 28, 1945, by granting to the plaintiff full custody and directing the father to pay a reasonable amount for the support and maintenance of the minor. Upon hearing of the matter (June 15,

1946) the trial court determined plaintiff was a fit person to have custody of the child and directed the father and also the grandmother herein to deliver the child to plaintiff forthwith, and cited them for contempt for failure to obey the order of the court. The son was served with citation, but the grandmother failed to appear.

July 8, 1946, the grandmother appeared and accepted service of the contempt citation and the matter was continued until July 15, 1946, for further hearing. Neither of them produced the child as ordered and the court entered judgment finding the grandmother in contempt of court for willful disobedience of the order heretofore mentioned, and entered judgment sentencing her to one year in the county jail, with the provision that he might be released in the event she produced the child. She filed supersedeas bond and appealed from the judgment and sentence imposed upon her by the court.

The several assignments of error upon which she relies for reversal of the judgment may be considered under the proposition that the judgment is not sustained by the evidence and is contrary to law.

She offered testimony to show that she had to make a trip to California and could not wait until June 10th to turn the child over to plaintiff, and that prior to departing from the state she gave the child to its father (on the night of June 5th), thinking he had a right to custody and would deliver the boy to plaintiff; that she and her son (the father) had not entered into any conspiracy concerning the child and that she had no knowledge she was wanted for child stealing until about June 19, 1946, when she voluntarily returned to this state. Further testimony was given in her behalf to the effect that she was forced to break up housekeeping before time to surrender custody of the child, and that she did not have the infant in her care when she left Tulsa.

Plaintiff's evidence showed that the child was not delivered to her on June 10th, although she had made the required bond; that a warrant was issued for the grandmother, but she could not be found and that the whereabouts of the child had not been discovered.

The grandmother concedes that this matter falls within the classification of a civil contempt, but urges that the evidence wholly fails to sustain the trial court's finding of contempt, inasmuch as nothing in the order fixing the custody of the child prohibited her from allowing the father to have temporary possession of the child at any time.

It is her theory that the order of August 28, 1945, did not impose a direct obligation upon her to personally deliver the child to the plaintiff. Thus she says that when she found it necessary to leave the state, and gave the child to its father upon his promise to deliver the boy to plaintiff, she reasonably complied with the requirements of the court's order that custody be given to plaintiff.

It is sufficient to note that, despite her argument, the record amply supports the trial court's finding that she willfully failed to comply with the order in regard to surrendering custody of the child. The circumstances surrounding her sudden departure from this jurisdiction at the approximate time for delivery of the boy to the plaintiff, together with the testimony of her and the father disavowing any knowledge of the child's whereabouts, certainly supports the trial judge's statement that the parties were playing "hide and seek".

The only other matter to be considered is whether the judgment and sentence pronounced upon her is excessive and unjustified. It is recognized that a proceeding for indirect contempt is civil in nature and imprisonment thereby imposed is not in punishment for an offense, but is remedial in nature

for the purpose of coercing a defendant to do the thing ordered done. Ex parte Mitchell, 189 Okla. 51, 113 P. 979; Ex parte Plaistridge, 68 Okla. 256, 173 P. 646.

The judgment of the trial court was that she be sentenced to confinement in the county jail for one year, with the further provision that she be released when the child was produced in court. It is contended that such sentence is excessive and unjust. By the terms of the sentence the way is left open for her to avoid serving any of the term by producing the child for the court, and in this manner the purpose of the judgment and sentence is fulfilled, namely, compliance with the court's order regarding custody of the child. In these circumstances, the judgment cannot be said to be excessive or unjust.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, GIBSON, and LUTTRELL, JJ., concur.