GEORGE et al. v. RANDELS, Co. Supt., et al.

No. 33701.    March 29, 1949.

As Corrected on Denial of Rehearing
June 20, 1949.

*207 P. 2d 248.*

J. E. Falkenberg, of Enid, and H. W. Wright, of Cherokee, for plaintiffs in error.

Mearle E. Prout, Co. Atty., of Medford, and Elam & Crowley, of Enid, for defendants in error.

WELCH, J. This is an appeal from a judgment denying injunction.

On September 6, 1947, Alton George and others, respectively, voters of school district No. 35, voters of school district No. 36, members of the board of trustees of school district No. 11, all

of Grant county, Oklahoma, filed their petition in district court seeking injunction. The petition mentions Pearl Randels as county superintendent of Grant county, and the State Board of Education of the State of Oklahoma and the members thereof as defendants. The plaintiffs alleged that certain school district annexation proceedings in said county were invalid. The prayer of the petition was that defendants be enjoined from keeping school districts Nos. 35 and 36 in school district No. 33, and that defendants be required to annex school districts Nos. 35 and 36 to school district No. 11.

The defendant Pearl Randels, as county superintendent, filed answer to plaintiff's petition. The State Board and the members thereof were not served with summons and made no entry of appearance in the action.

The record reflects that in 1946 and 1947 and for several prior years, no school was held in district No. 35, and during the school year 1946-1947 eight pupils were transferred from district No. 35 to other districts; that during the school years of 1946-1947 the average daily attendance in the school maintained in district No. 36 was 12.8; that in 1947 district No. 11 maintained a high school within the transportation area in which these districts were located. On June 14, 1947, an election on a question of annexation was held in district No. 36, and on June 26, 1947, the county superintendent made an order annexing school district No. 36 to school district No. 35. On August 6, 1947, an election was held in district No. 35 as constituted after annexation of district No. 36, and thereafter the county superintendent made an order annexing said district No. 35 to school district No. 33.

All assignments of error are presented under three · propositions stated in plaintiffs' brief as follows:

"First Proposition: That under House Bill No. 35—Disorganized territory after June 9, 1947, by operation of law— said contested territory was annexed to the School District having a High School in whose transportation area said disorganized territory was located.

"Second Proposition: Where any annexation of disorganzed territory to a School District where such annexation divides an existing District—the same is void.

"Third Proposition: All Elections held in School Districts Nos. 35 and 36 in 1947 were invalid for failure to observe the law as to Notice and failure to hold said elections in the time provided for by law."

Attention is directed to House Bill No. 85, Act of Legislature 1947, 70 O.S.A. §896.1, 70 O. S. Supp. 1947, §896.1, wherein it is provided:

"(a) Any school district not maintaining a school within the district for one (1) year prior to the passage of this Act, and from which there were no pupils to be transferred, is hereby disorganized and annexed to the district, or districts, maintaining high school within the transportation area or areas in which such district is located. Provided, further, any school district transferring all of its pupils to the same school district is also hereby disorganized and annexed to the district to which such pupils were transferred. . . .

"(d) Any school district maintaining a school or schools within the district and having a legal average daily attendance during the next preceding year of less than thirteen (13) is hereby declared to be disorganized territory, unless such district is designated as an isolated school by the State Board of Education, as provided in Article III of this Act. Provided, school districts that have transferred any of the grades (1 to 8, inclusive), to another school district during the previous year shall have such attendance considered in determining the average daily attendance of such districts for the purpose of determining whether or not such district should be disorganized. . . .

"(g) Provided further upon petition signed by a majority of the legal voters of any disorganized district, the County Superintendent shall call a spe-

cial election within forty-five (45) days after the passage of this Act, for the purpose of designating the district or districts within the same transportation area to which the legal voters desire such territory to be annexed. The County Superintendent shall notify the State Board of Education of the results of such election, including a statement showing the district or districts to which such legal voters desire the territory to be annexed. The State Board of Education shall make such annexation in accordance with the provisions of this Act."

House Bill No. 85, with emergency clause attached, was enacted in April, 1947, and approved by the Governor on April 24, 1947, and became effective July 1, 1947. Article IV, sec. 2 of the Act provides :

"The provisions of this Act shall not take effect and be in full force until the first (1st) day of July, 1947."

As stated in the syllabus in Cities Service Oil Co. v. Oklahoma Tax Commission, 191 Okla. 303, 129 P. 2d 597:

"A provision in a statute placing the same in full force and effect on a specified future date is controlling, notwithstanding the emergency clause attached thereto as provided by section 58, article 5, of the Constitution provides that said statute shall take effect and be in full force after its passage and approval."

As above noted, district No. 35, as constituted before annexation of district No. 36, was a school district not maintaining a school within the district for the year prior to the passage of House Bill No. 85. It was a district from which there were pupils to be transferred and from which pupils were transferred and not all to the same district. It does not appear that district No. 35, as constituted before annexation of district No. 36, would have been in anywise affected by the provision in House Bill No. 85, subsection (a), supra. On the other hand, it does not appear that district No. 35, on the effective date of House Bill No. 85, in its separate status and without annexation of district No. 36, would have become disorganized territory under another provision of the Act. Subsection (b) of the section, supra, provides:

"Any school district not maintaining school within the district for one (1) school year prior to the passage of this Act, and transferring all of its pupils to two (2) or more school districts during the immediately preceding year is hereby declared to be disorganized territory."

As above noted, district No. 36 maintained a school within the district with an average daily attendance of 12.8 during the year preceding the passage of House Bill 85. This district in its separate status on the effective date of House Bill 85 would not have been affected by the provision, subsection (a) supra, but would have become disorganized territory under the provisions of subsection (d), supra. The annexation of this district to district No. 35 prior to the effective date of House Bill 85 does not appear to have changed the status of the combined territories or of the two districts in the application of the provisions of House Bill No. 85 except to bring the two territories or two districts under the provisions of subsection (d), or so as to make the new district or district No. 35 as combined, a disorganized territory under subsection (d).

It is suggested by the defendant in error, the county superintendent, that the purpose of proceedings to annex district No. 36 to district No. 35 in June, 1947, was to avoid the effect of House Bill No. 85. Attention is directed to the testimony that eight (8) pupils were transferred from "old" district No. 35 and that the average daily attendance in the school maintained in "old" district No. 36 was 12.8, it being suggested that in the combined "new" district No. 35, there was an attendance of 20.8 thus rendering the "new" district No. 35, created before the effective date of House Bill No. 85, not subject to the provisions of House Bill No. 85, supra.

If district No. 35 with district No. 36 annexed be considered as a district with average daily attendance therein of 12.8 and with eight (8) pupils transferred to other districts, it would nevertheless become disorganized territory under subsection (d). The subsection makes no provision for the inclusion of transferred students in the determination of average daily attendance except in instances of the transfer of an entire grade or grades and the proof does not indicate that such was the situation in district No. 35 as created but a few days prior to the effective date of House Bill No. 85.

The question of the effectiveness of the annexation of district No. 36 to district No. 35 prior to July 1, 1947, is not material in the consideration of questions arising over the further annexation of such territories after the effective date of House Bill No. 85.

Subsection (f) of the section, supra, provides:

"The State Board of Education is hereby authorized to annex such disorganized territory referred to in Subsections (b), (c), (d), and (e), of this Section to some other adjacent district, or districts, within the same transportation area or areas as set up by the State Board of Education of the district or districts, maintaining high school in which such disorganized territory is located. . . . "

As hereinbefore noted, the State Board of Education and the members thereof were not parties to this action. The relief sought by the plaintiff was to compel the county superintendent to proceed to the annexation of districts Nos. 35 and 36 to district No. 11 and to restrain said official from keeping school districts Nos. 35 and 36 in school district No. 33. The authority to annex such disorganized territory as embraced in districts Nos. 33 and 35 being vested in the State Board, whatever the act of the county superintendent after the effective date of House Bill No. 85, it could not effect an annexation. The court did not err in finding for the defendant county superintendent and in denying the petition of the plaintiffs.

The judgment is affirmed.