**CITY OF ARDMORE, Oklahoma, a Municipal Corporation, Plaintiff in Error,**

v.

**R. S. STUCHUL, Defendant in Error.**

**No. 36913.**

Supreme Court of Oklahoma.

Nov. 22, 1955.

Rehearing Denied Jan. 10, 1956.

Application for Leave to File Second Petition for Rehearing Denied Feb. 7, 1956.

H. A. Ledbetter, Ardmore, for plaintiff in error.

Marvin Shilling, Ardmore, for defendant in error.

JOHNSON, Chief Justice.

Parties will be referred to as they appeared in the trial court.

Plaintiff, R. S. Stuchul, brought suit against the defendant, City of Ardmore, for damages to his automobile, alleging that defendant was a municipal corporation under Oklahoma law; that he was driving

his automobile on a certain street in the City of Ardmore; that defendant through its agent, servant and employee was then engaged in dragging the street with certain machinery which was used for that purpose; that in dragging said street the dirt was brought from the side of the street into and spread upon the driving area of the street; that as plaintiff drove his automobile along said street in a proper and prudent manner, his car struck a piece of concrete approximately 12 x 18 x 6 inches thick, which was covered by the loose dirt and concealed from the plaintiff, thereby causing $365.80 in damages to plaintiff's car which damages defendant has refused to pay; that said damages were caused solely by the negligence and want of care of the defendant, or its agent, servant or employee in placing said concrete slab in the street and covering it with loose dirt and debris, and in so concealing it that it was impossible for plaintiff to see and to know that it was present in the driving area of the street.

Upon defendant's demurrer to the petition being overruled, it filed an answer reasserting its general demurrer, generally denying all allegations of the petition and answering that if plaintiff suffered the damages as alleged that it was due to his negligence, which was the proximate cause of the accident, and that most of the damage to the car, if any, was brought about by the plaintiff driving the car a long distance after the accident to a garage for repairs; that defendant has no knowledge and had no knowledge at the time of the alleged accident of any defect in the street, concluding with prayer that plaintiff take nothing.

Upon these issues the cause was tried to a jury, resulting in a verdict and judgment for plaintiff from which the defendant appeals.

For reversal, defendant contends, inter alia, that (a) the plaintiff's allegations were not sustained by the evidence, and that the court erred in not sustaining its demurrer to the evidence and in overruling its motion for a directed verdict; (b) that

the record discloses that the defendant was discharging a governmental function and duty and was not liable for the acts of its agents or employees while so doing.

It was stipulated that $365.80 was the amount of damages sustained, and that a claim for same had been filed with the defendant and denied.

There is no dispute about the facts. The City of Ardmore was dragging or grading the street upon which plaintiff was traveling and was so engaged at the time of the damage. The grader had pulled the dirt, grass and weeds up onto the right of the center of the street, and plaintiff was traveling on the right of the center of the street going north until he reached the point where it was necessary, on account of a post, that he cross over the loose dirt. In crossing over the loose dirt, his car struck the piece of concrete which damaged his car. The city grader was about a block and a half away, and the driver of the grader, whom plaintiff recognized as a city employee, although he did not know his name, was then operating the grader. The concrete was not in the street the day before. No person was grading the street except the city employee using a city grader.

From these facts, the jury under the instructions could, as they did, conclude that the piece of concrete was negligently put in the street and concealed in the loose dirt by the city and its employee while it was engaged in a corporate function of municipal government, maintaining and repairing its street. Oklahoma City v. Hunter, 119 Okl. 303, 249 P. 730; Spaur v. City of Pawhuska, 172 Okl. 285, 43 P.2d 408.

For the reasons given in above cited cases, and finding no substantial errors in the record, the judgment is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, and HUNT, JJ., concur.

WELCH and HALLEY, JJ., dissent.