EMERGENCY CLAUSE — EFFECTIVE DATE A provision in a Legislative enactment with the emergency clause fixing an effective date which is later than the date of passage and approval, governs and prevails over the date fixed by the emergency clause. The Attorney General has had under consideration your recent letter regarding the effect of H.B. 1141, 32nd Oklahoma Legislature, 2nd Session, on 85 O.S.Supp. 1969, 22. H.B. 1141 was approved by the Governor on April 27, 1970. It contained a provision (Section 2) reading as follows: "2. The effective date of this Act shall be September 1, 1970." You pose, in effect, the following question: Does Section 2 which contains a specific date for the Act to take effect govern, or does the emergency clause override such section by virtue of which the Act becomes effective immediately upon its passage and approval? Under Oklahoma Law, a provision in an enactment which defers the effective date to one other than the date on which the law is approved by the Governor or becomes automatically effective pursuant to the provisions of Article V, Section 58 of the Oklahoma Constitution, prevails over any contrary provision regarding the effective date of such act. In the case of Cities Service Oil Company v. Oklahoma Tax Commission, 191 Okl. 303, 129 P.2d 597
(1942), our Supreme Court held: "A provision in a statute placing the same into full force and effect on a specified future date is controlling, notwithstanding the emergency clause attached thereto as provided by Article V, Section 58 of the Constitution provides that such statute shall take effect and be in full force after its passage and approval." To the same effect, see George et al. v. Randells, County Superintendent, 201 Okl. 542, 207 P.2d 248
(1949), and Ex Parte Lee, 88 Okl. Cr. 386, 203 P.2d 720
(1949). It is therefore the opinion of the Attorney General that your question must be answered in the affirmative in that Section 2 of H.B. 1141 controls and the enactment becomes effective for all purposes on September 1, 1970, notwithstanding the emergency clause contained in Section 3 thereof. (Carl G. Engling)