**Pearl B. RECTOR, Plaintiff in Error,**

v.

**The STATE of Oklahoma et al., Defendants in Error.**

No. 44069.

Supreme Court of Oklahoma.

March 28, 1972.

John E. Wheatley, Yukon, Lampkin, Wolfe & Sokolosky, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Marvin E. Spears, Asst. Atty. Gen., Oklahoma City, for defendants in error.

BARNES, Justice:

Plaintiff alleged in her petition that she fell on the steps of the Jim Thorpe Office Building on debris and concrete sluffings from the foremost edge of said steps; that her fall was occasioned by defendants' negligence; and that she brought this action for the damages she sustained in said fall under the authority of Senate Joint Resolution No. 20 of the First Session of the Thirty-second Oklahoma Legislature (S.L. 1969, pp. 617 and 618). This Resolution purported to waive the State's immunity from suit for plaintiff's "alleged wrongful injuries," specifically naming her, but containing no such purported waiver of such immunity as to anyone else.

Defendants' demurrer to plaintiff's petition was sustained by the trial court for the reason that Joint Resolution No. 20 was in contravention of the Oklahoma Constitution.

Plaintiff appealed to this Court pursuant to Rule 14 upon the following stipulated questions of law:

"(1) Can the Oklahoma Legislature expressly waive the immunity against suit brought by an employee of the State of Oklahoma by passing a Special Act authorizing an employee of the State to bring suit against the State for damages resulting from injuries received while in the employ of the State?

"(2) Should the Supreme Court at this time overturn the ancient 'the King can do no wrong' theory of governmental immunity?"

The leading case involving the first question raised here is Jack v. State, 183 Okl. 375, 82 P.2d 1033 (1938), wherein the court stated:

"By the provisions of article 18, chapter 65, Session Laws 1935, a special legislative act, plaintiff was authorized to institute and maintain an action against the state to determine liability and recover the loss or damage sustained as a result of alleged negligence of the officers, agents, and employees of the state highway department in failing to properly maintain a state highway. Held, that said act contravenes that portion of section 59, article 5 of the Constitution, Okl.St.Ann.Const. art. 5, § 59, which prohibits the enactment of a special law where a general law can be made applicable, and is unconstitutional and invalid."

■ The Jack case, supra, was followed in Ford v. State, 183 Okl. 386, 82 P.2d 1045 (1938), and Graham v. State, 183 Okl. 574, 83 P.2d 815. The Jack case was distinguished in State ex rel. Oklahoma State Highway Commission v. Horn, 187 Okl. 605, 105 P.2d 234 (1940) (damage of private property for public use), and in State v. Ward, 189 Okl. 532, 118 P.2d 216 (1941) (pre-existing obligation). We find that decision to be controlling, and specifically find that the aforesaid resolution was unconstitutional for the reason that it violated Article V, Section 59, of the Oklahoma Constitution, which provides:

"Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

■ The second question was adequately covered in the case of Newman v. State ex rel. Board of Regents, 490 P.2d 1079 (1971). There, as here, argument was presented that the doctrine of State sovereign immunity from tort liability should be abolished and that the Legislature accomplished this, insofar as it extends to such liability for the acts of its employees, by Senate Joint Resolution No. 28 (S.L.1953, p. 508). This Court's majority opinion rejected both contentions despite emphatic dissenting opinions by two of the Justices.

In accord with the foregoing, the ruling and judgment of the trial court is hereby affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN and LAVENDER, JJ., concur.

HODGES and McINERNEY, JJ., concur in part and dissent in part.

McINERNEY, Justice (dissenting in part):

I concur in that part of the opinion holding the joint resolution of the Legislature unconstitutional as violative of Article V, § 59 of the Oklahoma Constitution. Jack v. State, 183 Okl. 375, 82 P.2d 1033 (1938). I dissent from that part of the opinion perpetuating the doctrine of sovereign immunity from tort liability. Oklahoma City v. Taylor, Okl., 470 P.2d 325, 329 (1970) (concurring specially); Newman v. State ex rel. Board of Regents, Okl., 490 P.2d 1079, 1085 (1971) (dissenting).

The joint resolution in the present case, S.L.1969, p. 617, as in *Newman*, S.L.1967, p. 718, states the following as a predicate:

"WHEREAS, the judicial rule that there exists an immunity of the state from liability for tortious acts of its employees operates to exempt the state from satisfaction of rightful claims since no provision has been made in Oklahoma for adjudication thereof, as has been properly provided elsewhere; and

"WHEREAS, the additional immunity of the state from suit, unless specifically consented to by the state, and the legislative discretion in appropriation, insures ample control over such claims in respect to the fiscal affairs of the state;"

and then proceeds to describe the person, the event, and the waiver of immunity.

In the recent case of Henry v. Oklahoma Turnpike Authority, Okl., 478 P.2d 898 (1970), the Supreme Court stated that the

doctrine of governmental immunity is the public policy of this state, and concluded that if the present policy is to be changed it should be done by the Legislature. The Legislature, on the other hand, deems the immunity to be a judicial rule, as stated in the joint resolution, indicating that the legislative branch of government is yielding to a judicial rule until it is changed by the Judiciary. It appears there will be no change in, or re-examination of, the doctrine so long as both branches of government seek to shift the responsibility for the existence of this harsh and outmoded rule to the other.

Public policy should be established by the Legislature. Judicial rules should be pronounced by the Judiciary. I agree with the statement contained in the joint resolution that the doctrine of sovereign immunity is a judicial rule, James v. Trustees of Wellston Tp., 18 Okl. 56, 90 P. 100 (1907), and I believe that the rule should be changed by the Judiciary. Oklahoma City v. Taylor, supra, pages 329, 330.

I am authorized to state that HODGES, J., joins in the views expressed herein.