UNIVERSITY HOSPITAL — INJURIES The University Hospital may not make voluntary payments for medical expenses to those individuals who have been injured on hospital premises. The Attorney General has received your request for an opinion wherein you ask the following questions: "1. May the University Hospital make voluntary payments for medical expenses for those individuals who have been injured on the University Hospital premises? "2. If the above question is answered in the affirmative, then does it make any difference whether or not there is negligence on the part of any hospital personnel or whether the injury was inflicted due to the negligence of the individual concerned?" Article X, Section 15 of the Oklahoma Constitution provides: "The credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association municipality, or political subdivision of the State; nor shall the State become an owner or stockholder in, nor make donation by gift, subscription to stock, by tax, or otherwise, to any company, association, or corporation." In order to constitute a public purpose for which money in the State Treasury may be utilized, such purpose must not only be affected with a public interest, but must be performed by the State in the exercise of its governmental functions. Veterans of Foreign Wars of U.S. Department of Oklahoma v. Childers, 197 Okl. 331, 171 P.2d 618. The promotion of the interest of individuals, although resulting incidentally in the advancement of the public welfare, is in its essential character a private and not a public object. Hawks v. Bland, 155 Okl. 178, 9 P.2d 720. The provision in Article X, Section 15 prohibiting donation by "gift" refers to gratuitous transfers voluntarily and without consideration, and would include payments for which there is no enforceable claim, such as would be the case regarding medical payments for an individual injured on University Hospital premises. This is so due to the doctrine of sovereign immunity. As the Oklahoma Supreme Court recently stated in the case of Bird v. State ex rel. State Highway Department, 514 P.2d 938
(1973): ". . . We simply state that in 1972 we reaffirmed the validity of the doctrine of sovereign immunity from tort liability in this state. Rector v. State, (1972),495 P.2d 826, citing Newman v. State, ex rel. Board of Regents, (1971), 490 P.2d 1079. We do not now find that the judiciary should abolish the doctrine." Thus, it can be seen that the doctrine of sovereign immunity of the state from tort liability is extant in Oklahoma. It likewise cannot be denied that The University Hospital is a state agency protected by the doctrine, 70 O.S. 3306.1 [70-3306.1] (1973) et seq., and therefore any voluntary payment of medical expenses for an individual injured on the hospital premises would constitute a gift prohibited by Article X, Section 15 of the Oklahoma Constitution. As the Supreme Court in the case of Veterans of Foreign Wars of U.S., Department of Oklahoma v. Childers, supra, stated: "Public funds cannot be used to assist individuals or private organizations in their business, functions, or activities even though affected with a public interest since Constitution does not contemplate exercise of governmental functions by any person, association, or corporation except the duly constituted officers or agencies of the state." It is clear that the utilization of public monies by University Hospital to make voluntary payments for medical expenses of individuals who have been injured on University Hospital premises, would come within the restriction of Article X, Section 15 as constituting a utilization of state money for a non-public use, thereby rendering a gift within the meaning and intent of Section 15. As this finding requires your first question to be answered in the negative, your second question is not considered herein. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The University Hospital may not make voluntary payments for medical expenses to those individuals who have been injured on hospital premises. (James R. Barnett)