Dear Honorable Schuelein,
This office has had under consideration your request for an opinion wherein you ask, in effect, the following question:
 Would the establishment by the Board of Regents of Higher Education of a branch of Langston University to be located in Tulsa, Oklahoma, be in violation of House Joint Resolution No. 1053 of the 36th Legislature?
The resolution of which you speak was passed by both houses of the Legislature and approved by the governor. It therefore has the force and effect of a statute, Okla. Const. art. 6 11, Wright v. State, 137 P.2d 796 (Okla. 1943).
The Resolution in question provides in Section 1, Legislative opposition to new institutions:
 "The Legislature opposes the establishment of any additional public institutions of higher education in Oklahoma, including, but not limited to the following:
1. Junior colleges;
2. Regional universities;
3. Special purpose universities;
4. Comprehensive universities; and
5. Higher learning centers . . ."
The Resolution does not expressly define "public institution of higher education", and in absence of express definition the usual or ordinary meaning of a term is to be used, Stemmons, Inc. v. Universal C.I.T. Credit Corp., 301 P.2d 212 (Okla. 1956). The word "institution" is commonly used to denote not only an organization or corporate body, but also the buildings occupied or used by such organization, Benjamin Rose Institute v. Meyers, 110 N.E. 924, 927, 92 Ohio St. 252, L.R.A. 1916D 1170. That the Legislature intended the term "institution" to encompass more than university and college organizations is evidenced in the Resolution itself.
The first whereas clause notes that Oklahoma operates "twenty-seven public institutions of higher education, as well as two higher learning centers . . ." Section 1 of the Resolution speaks of ". . . institution of higher education in Oklahoma, including, but not limited to . . . 5. Higher learning centers." The use of the word "institutions" in 1 is therefore intended as a broad use of the term, particularly in light of the "including but not limited to" language.
In Alfalfa Electric Coop., Inc. v. First National Bank and Trust Co.,525 P.2d 644 (Okla. 1974) the Supreme Court of this state reiterated the relevant rule of construction:
 "(4) In determining legislative intention words, phrases, and expressions will be accorded their ordinary meaning when practical to do so, but inapt or inadvertent use of words, phrases, or expressions, or use of language of doubtful meaning will not be permitted to change or destroy the otherwise clearly expressed intention of the legislature and such words, phrases, or expressions, or language of doubtful meaning will be construed so as to promote harmony in the various provisions of the act and give practical effect to the legislative intent." (Emphasis added)
Application of that principle to the Resolution here in question indicates that the legislature formally opposes the creation of centers, quasi-centers, institutions, and branch campuses without prior legislative approval. The last clause of 3 of the Resolution provides quite clearly that:
 "No new center or institutions shall be created in the annual Appropriation to Higher Education without the prior express approval of both the House of Representatives and the Senate after review and approval by the requisite standing committee listed above."
The proposed Tulsa facility of Langston University is described in the September, 1978, publication of the Oklahoma State Regents for Higher Education entitled Toward a New Mission for Langston University. That proposal calls for the establishment of an "Upper Division Clinical Base" in Tulsa requiring physical facilities for administrative offices, classrooms, extension offices, and library space. It further suggests that extension classes be made available to attract Tulsa area evening students. Under the proposal the Regents would provide the space and Langston University would provide the staff. This last circumstance is essentially similar to the "higher learning centers" at Idabel and Ardmore. The proposal thus falls into that class of "institutions" embraced by the Resolution.
It is, therefore, the opinion of the Attorney General that yourquestion be answered in the affirmative. The creation of a branchfacility of Langston University, located in Tulsa, Oklahoma, withoutprior legislative approval, is contrary to the expressed will of theLegislature as expressed in House Joint Resolution 1053 of the 36thLegislature.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
GREG THOMAS, ASSISTANT ATTORNEY GENERAL