The Attorney General has received your letter wherein you ask the following question: "Does Senate Joint Resolution No. 9 require that each and every individual state employee, including faculty members of institutions of higher education, receive an individual salary increase of at least 6% for the fiscal year 1979-1980?" The question has references to Senate Joint Resolution No. 9 of the First Regular Session of the Thirty-Seventh Legislature. A joint resolution properly enacted has the force and effect of a statute. Wright v. State, 192 Okl. 493, 137 P.2d 796
(1943). When determining the application of a law, primary considerations should be given to the plain ordinary meaning of the words. In Re: Certification of Questions of State Law, 560 P.2d 195 (Okl. 1977); Ridley Packaging Co. v. Holliday, 467 P.2d 480 (Okl. 1970). The Legislature was very clear and conclusive in its intent and meaning when drafting SJR 9 wherein it stated: "Whereas, it is determined that a program that will provide for each state employee within each state agency, department, institution, board or commission, hereinafter referred to as "agency," a salary increase of six percent (6%), except that the minimum monthly increase will be Fifty Dollars ($50.00) per month and the maximum monthly increase will be One Hundred Twenty-five Dollars ($125.00), will meet the minimum wage requirement and will comply with the President's seven percent (7%) increase restriction; and . . . . "Whereas, it is the intent of the Legislature that all pay increases for all employees within all agencies, departments, institutions, boards and commissions be within the limits provided herein. "Section 1.A. Effective July 1, 1979, or the first day of the pay period in which July 1, 1979, is included, all full-time officers and employees of the state shall be awarded a pay increase in conformity with the schedule in Section 13 of this resolution. This plan is designed to give each officer and employee an approximately six percent (6%) increase, except that Fifty Dollars ($50.00) per month shall be the minimum increase and One Hundred Twenty-Five Dollars ($125.00) per month shall be the maximum increase to be awarded." A clear reading of the above language of SJR 9 makes it clear that any entity which operates as an element of state government or any employee thereof comes within the intent and meaning of the resolution. Section B states in part that: "Those state agencies who employ personnel in the exempt or unclassified service whose salaries are not prescribed by law shall award salary increases to employees in the same manner and subject to the same restrictions as those in the classified service." (Emphasis added) 74 O.S. 803.7 [74-803.7] (1978) defines unclassified service as including: ". . . all officers and employees of the Oklahoma State System of Higher Education, State Board of Education, Division of Vocational Education, and all employees of all public school districts ;" It is apparent that faculty members of institutions of higher education are employees included under SJR 9. There is also language within SJR 9 that refers to this specific classification of employees. In Section 4 (which defines pay rate computations for employees) it states in part: "a. The base quarter — the period July 1, 1978 — September 30, 1978. For institutions of higher education the last pay period of this base quarter may be used to compute the hourly pay rate." (Emphasis added) In light of the explicit language contained within Senate Joint Resolution No. 9 and also the language of 74 O.S. 803.7 [74-803.7] (1978), it is the official opinion of the Attorney General that faculty members of institutions of higher education are included under Senate Joint Resolution No. 9 and are thus entitled to receive an individual salary increase of 6% for the fiscal year 1979-1980, with a restriction that the minimum salary increase a person can receive is $50.00 per month and the maximum salary increase a person is entitled to is $125.00 a month. (JOHN F. PERCIVAL) (ksg)