Linda Jean **HAMPTON,** now **Watts,** Plaintiff,

v.

Charles R. **HAMPTON,** Appellant,

and

George T. **Carter** and Dorothy **Carter,** Appellees.

No. 51393.

Supreme Court of Oklahoma.

April 1, 1980.

Robert J. Unruh, Jr., Oklahoma City, for appellant.

D. Hays Foster, Oklahoma City, for appellees.

HARGRAVE, Justice.

From a conviction and sentence of eleven days in the Oklahoma County jail for the offense of indirect contempt of court, Charles R. Hampton prosecutes this appeal. The order out of which the alleged contempt arose was a domestic relations modification order granting appellant custody of his children, thereby changing the custody previously resting in Mr. Hampton's former wife. That modification also granted the maternal grandparents reasonable and seasonable visitation. The maternal grandparents instituted the contempt proceeding. The presiding judge, after refusing appellant a continuance to properly prepare his case, informed appellant he could have a jury trial on the contempt action but that while awaiting the next jury term, he would place entire custody in the maternal grandparents, divesting appellant of his rights under the modification order in the interim as a result of any demand for jury trial. Evidence disclosed that in about a five-month period, the grandparents saw the children four times. From the bench, the trial authority found appellant guilty of contempt and orally sentenced him to 11 days with no purge allowed, and denied bail pending appeal. A writ of habeas corpus to admit appellant to bail was granted by this Court. The appellant's designation of record specifies the entire lower court record in the contempt proceeding, and no place therein does this Court find a journal entry of judgment complying with 21 O.S.1971 § 568, or for that matter, any journal entry at all. The item most closely resembling that indispensable document is a "Temporary Commitment" form signed, not by the Judge, but by the Court Clerk. 21 O.S.1971 § 568 clearly states:

> Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record. (E.A.)

In the case of *Ex parte Hibler, 139 Okl. 157, 281 P. 144 (1929)*, the Court sentenced a party to 30 days for violating an injunction restraining the party from interfering with his former wife or property. The Court in the syllabus stated that under the previous codification of the exact provisions of 21 O.S.1971 § 568, the substance of the offense is required to be set forth in the order for confinement, and an allegation "that defendant has on numerous and divers occasions violated the express injunctions of this court as set forth in plaintiff's petition," would not operate as a valid defense to a writ of habeas corpus. That statement was approved in *Seifried v. State ex rel. Bash, 184 Okl. 299, 86 P.2d 1008 (1939)*. 21 O.S. 1971 § 568 clearly requires a written judgment or order of confinement, which is not present here, and additionally requires the order to recite the substance of the contempt. Neither requirement is fulfilled in the action before us. As stated in numerous cases, one of which is an indirect contempt appeal, *Brown v. State, 89 Okl.Cr. 443, 209 P.2d 715 (1949)*, where the facts are set forth in the judgment, sentence and order of confinement, and made a matter of record in the court, 21 O.S.1971 § 568 has been complied with. But, where no such attempt at compliance was made, the judgment, sentence and order of commitment are void as not being in compliance with the mandatory provisions of the statute.

In view of the fact that no judgment, sentence and order of confinement exist to measure against the mandatory strictures of 21 O.S.1971 § 568, the District Court of Oklahoma is hereby ordered to direct the Court Clerk to expunge the record of any purported order of confinement, to dis-

charge appellant's bail, and exonerate appellant's bond.

REVERSED AND REMANDED.

LAVENDER, C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN and OPALA, JJ., concur.