The Attorney General is in receipt of your letter requesting an official opinion with regard to the following question: "Whether the Department of Corrections can refuse to accept inmates on a valid judgment and sentence where the acceptance of these inmates would violate a Federal Court order prohibiting over-crowding or where the acceptance of these inmates would place the Department of Corrections in noncompliance with such order?" Since May 30, 1974, the State of Oklahoma, ex rel. The Department of Corrections has been a party defendant to a civil rights lawsuit instigated in the United States District Court for the Eastern District of Oklahoma, Battle v. Anderson, et al., 376 F. Supp. 402 (E.D. Okl. 1974), the Honorable Luther Bohanon presiding. Within the context of that lawsuit, extensive orders have been issued by the court for the purpose of achieving a constitutional arena of civil rights for incarcerated prisoners pursuant to the Eighth Amendment of the United States Constitution. Subsequent to the injunctive decree of May 30, 1974, the court issued its order directing the State of Oklahoma to reduce inmate population to alleviate the conditions of overcrowding, Battle v. Anderson, 447 F. Supp. 516 (E.D. Okl. 1977), and specifying certain capacity goals to be attained by the Department of Corrections in order to achieve constitutional compliance. Recently the Thirty-Seventh Legislature, Second Regular Session, 1980 enacted Joint Resolution No. 1064. This Resolution authorizes the Director of the Department of Corrections, subject to the approval of the Employment Review Board, to determine the legal bed space capacity of all correctional facilities within the State of Oklahoma. The Resolution further authorizes the Director to refuse to accept prisoners from county authorities when the maximum bed space capacity has been attained. In addition, the Resolution expresses the awareness of the Oklahoma Legislature of the federal court order and an intent to achieve compliance with the orders of the federal court relating to constitutional population levels. Title 57 O.S. 95 [57-95] (1979) mandates that "any person convicted of an offense against the laws of this State and is sentenced to imprisonment is to be turned over by the county sheriff from the county jail to the Department of Corrections Assessment and Reception Center at Lexington, Oklahoma." The Oklahoma Supreme Court has previously recognized that Joint Resolutions have the force and effect of a valid legislative enactment. See In re Block 1, Donly Heights Addition, 194 Okl. 221, 149 P.2d 265, (1944); Wright v. State, 192 Okl. 493, 137 P.2d 796 (1943), and Ward v. State, 176 Okl. 368, 56 P.2d 136 (1936). As such, a resolution is subject to the rules of statutory construction. It has been presumed that a legislature in passing a statute, knew of its intention, and knew the rules of statutory construction. Wimberly v. Deacon,195 Okl. 561, 144 P.2d 447 (1944). The Act, in this case a Resolution, when couched in unambiguous language, is considered to fully express the intent of the Legislature. State ex rel. Board of Education of City of Tulsa v. Morley, 168 Okl. 259, 34 P.2d 258 (1934). It is also presumed the legislature acted with full knowledge as to the subject matter of the statute and the existing conditions and relevant facts relating thereto. It is, therefore, the official opinion of the Attorney General that (1) House Joint Resolution No. 1064 properly authorizes the Director of the Oklahoma Department of Corrections, subject to the approval of the Employment Review Board, to establish the maximum bed space capacity of State correctional facilities, and (2) House Joint Resolution No. 1064 authorizes the Department of Corrections to refuse to accept additional prisoners from county authorities where the maximum bed space capacity has been attained, notwithstanding the provisions of 57 O.S. 95 [57-95] (1979). (JANET L. COX) (ksg)