1998 OK CIV APP 125
**Harry Lee BURRIS, Appellee,**

v.

**Teresa Alice HUNT, Appellant.**
**No. 89691.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Aug. 11, 1998.

Thomas Hadley, Stamper, Hadley & Reasor, Antlers, for Appellee.

Lowell R. Burgess Jr., Antlers, for Appellant.

REIF, Judge.

¶ 1 This appeal concerns two sentencing orders that were entered following a jury verdict finding Teresa Alice Hunt in contempt. There is no dispute that Ms. Hunt was being sentenced for refusing appellee Father court-ordered visitation, but the application for contempt, citation for contempt, and jury verdict are not part of the record. Both sentencing orders were initially entered as handwritten minutes signed by the trial judge. A journal entry for each minute order was later filed, but not until after this appeal was commenced.

¶ 2 The first minute order was entered following a sentencing hearing on June 5, 1997. The June 5 minute order contains standard recitals about the appearances of the parties and counsel, and the receipt of evidence, testimony, and argument. Regarding Ms. Hunt's contempt, the June 5 minute order states: "The Court being well advised in the premises does find Defendant [Ms. Hunt] in Contempt as determined and found by, a jury on May 16, 1997, and that Defendant have sentence deferred for a period of Two (2) years and during such time a $2,500 fidelity bond be deposited with the Court … to insure compliance with this Court's visitation orders." The June 5 minute order also specifies other conditions for the "deferred sentence."

¶ 3 The second minute order was entered following a hearing on June 9, 1997. The June 9 minute order reflects that further proceedings were held because "Defendant had not posted bond as she was ordered." The minute order further states that the court "does on its own motion vacate and amend its ruling of June 5, 1997, and sentence Defendant to six (6) months in County Jail, the last three being suspended on condition that she not frustrate order of [the] Court with regard to visitation rights of Plaintiff Father." The June 9 minute order concludes with the setting of an appeal bond of $6,000 and the direction "Defendant Remanded into Custody of Sheriff's Department."

¶ 4 On appeal, Ms. Hunt contends that her "deferred sentence" was improperly accelerated without compliance with the due process requirements set forth by the court of criminal appeals. In response, appellee Father contends that the court afforded such due process as was necessary under the circumstances and was more than justified in vacating the "deferred sentence" for Ms. Hunt's failure to comply with the condition to post a $2,500 cash fidelity bond. Upon review, we hold that both the June 5 minute order and the June 9 minute order failed to comply with statutory and case law requirements for sentencing in cases of indirect civil contempt. As such, they are void as restraints on Ms. Hunt's liberty and are vacated. We remand with directions to discharge Ms. Hunt, because the maximum period of coercive restraint authorized by statute is six months and Ms. Hunt has been under coercive restraint (which required the posting of bond) for more than six months during the pendency of this appeal.

¶ 5 The June 9 minute order purports to sentence Ms. Hunt to six months in the county jail with the last three months suspended and to remand her to the custody of the sheriff. The problem with the June 9 minute order, either read alone or in conjunction with the June 5 minute order, is that it does not comply with 21 O.S.1991 § 568. This statute provides: "Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court." The supreme court long ago stated: "[T]he order of confinement must set forth the facts constituting the contempt, and that it is void unless it shows on its face facts sufficient to constitute a legal contempt; mere conclusions being insufficient." *Ex parte Hibler,* 139 Okla. 157, 281 P. 144, 146 (1929). Where the record fails to show compliance with section 568, the judgment, sentence and order of commitment are void. *Hampton v. Hampton,* 1980 OK 46, ¶ 2, 609 P.2d 772, 773.

¶ 6 Additionally, both the June 5 minute order and June 9 minute order were fashioned in disregard of the requirements of 21 O.S.1991 § 566. First, the initial two-year "deferred sentence" in the June 5 order which employed the added restraint of a

$2,500 cash fidelity bond exceeds the express limits on a court's coercive power of six months and $500. Regardless of the title given to the court's sentence, the maximum time period of any coercive sanction imposed for contempt is six months, and the maximum amount of money that one can be forced to pay, either as a fine or in forfeiture for breach of a sentencing condition, is $500. *See Collins v. Collins,* 1995 OK CIV APP 56, ¶ 11, 898 P.2d 1316, 1320. "[In] a proceeding in indirect contempt . . . it is required that such proceeding follow the statutory requirements." *Van Horn v. Van Horn,* 193 Okla. 182, 141 P.2d 1006, 1007 (1943).

 ¶ 7 An order granting visitation is enforceable by contempt. 21 O.S.1991 § 566(B)(1); *Hampton v. Hampton,* 1980 OK 46, 609 P.2d 772; *Davis v. Murphy,* 199 Okla. 545, 188 P.2d 229 (1948); *Allison v. Bryan,* 26 Okla. 520, 109 P. 934 (1910). However, contempt enforcement of such orders is for the benefit of the party in whose favor the order was issued. "[W]here the proceedings are instituted to preserve and enforce the rights of individuals to an action in order to afford remedial relief . . . such a proceeding is civil in its nature." *Rocher v. Williams,* 183 Okla. 613, 83 P.2d 867, 869 (1938). In contrast, "[i]f the procedure [for contempt] was to vindicate the honor and dignity of the court and to compel respect for its authority, it [is] criminal in its nature [and] must [be] prosecuted in the name of the state of Oklahoma." *Ex parte Hibler,* 281 P. at 147. "[P]unishment imposed to vindicate the honor and dignity of the court and to compel respect for its authority . . . is unauthorized and unwarranted in a proceeding instituted in the name of an individual." *Id.*

 ¶ 8 In cases of civil indirect contempt, "imprisonment thereby imposed is not in punishment for an offense, but is remedial in nature for the purpose of coercing a defendant to do the thing ordered done." *Davis,* 188 P.2d at 230–31 (citations omitted).

 ¶ 9 A sentence of imprisonment for civil indirect contempt will be upheld if "[b]y the terms of the sentence the way is left open . . . to avoid serving any of the term by . . .

compliance with the court's order." *Id.* 188 P.2d at 231.

 ¶ 10 The foregoing principles make it clear that the trial court's June 9 sentencing minute order herein could not be considered a measure to vindicate the honor and dignity of the court and it could not be considered a proper exercise of civil contempt power because it failed to make provision for Ms. Hunt to purge her contempt.

¶ 11 Even though we must vacate the trial court's sentencing order and discharge Ms. Hunt, we believe the trial court was fully justified in concluding that a sentence of maximum length was appropriate and that a significant amount of security should be posted as a condition for release and to ensure continued compliance over the term of the sentence. The facts and circumstances disclosed in the transcripts of the hearings of June 5 and June 9 justify a maximum sentence and maximum purge security under the sentencing criteria in 21 O.S.1991 § 566(B)(1)(e) and (f). In other words, this court would not have had any hesitancy in upholding a sentence of six months imprisonment subject to purge conditions of future compliance with the visitation order and the posting of security of $500 in cash to ensure compliance.

¶ 12 For the foregoing reasons, the sentencing orders and judgments are vacated and this matter is remanded with directions to discharge Teresa Alice Hunt for her contempt in failing to obey the visitation order.

¶ 13 VACATED AND REMANDED WITH DIRECTIONS.

¶ 14 STUBBLEFIELD, P.J., and RAPP, J., concur.