POPPLEWELL v. GREGORY.

No. 32859.   Dec. 9, 1947.

Rehearing Denied Feb. 17, 1948.

*189 P. 2d 941.*

Eagin & Eagin, of Oklahoma City, for plaintiff in error.

Halley, Douglass & Felix and Raymond B. Everest, all of Oklahoma City, for defendant in error.

GIBSON, J. This action is to recover a commission on a sale of real property alleged to have been earned by Agnes M. Gregory, a real estate broker, plaintiff below. Trial was to the court with judgment for $1,750 against Lelah Popplewell, defendant, who appeals therefrom.

It is urged as error that there was no contract between the plaintiff and defendant touching the sale and hence no basis for liability.

That the right of recovery must be predicated on a contractual relation is beyond question, but such contract may be implied as well as expressed. And the question is whether the facts herein establish such a contract.

The essential elements of an implied contract in the situation that obtains herein are clearly defined in Segnitz v. A. Grossenbach Co., 158 Wis. 511, 149 N. W. 159 (see, also, Anno. 43 A. L. R. 842), as follows:

"In order to raise an implied contract to pay for services several things are necessary . . . First, the services must have been performed under such circumstances as to give the recipient thereof some reason to think they are not gratuitous, not performed for some other person, but with the expectation of compensation from the recipient. . . . Second, in order to raise an implied contract to compensate for them, the services must have been beneficial to the person sought to be made liable."

It is not disputed there was a telephone conversation between plaintiff and defendant wherein the latter offered to sell the property for $35,000, and the former stated she was not in a position to buy but had a friend who was in position to do so and might buy; that the plaintiff then called the matter to the attention of Mrs. Killam who, in pursuance thereof, went to see the defendant, told her that she had come at the suggestion of plaintiff, looked over the property, agreed to purchase it at the price of $35,000, and the sale was made.

The plaintiff testified that when talking with defendant by telephone she inquired if the latter had apartments for rent, to which the latter replied she did not but that she did have apartments for sale. That plaintiff inquired the price and was told $35,000. That plaintiff then stated she was not in a position to buy but that she knew of one who was, and asked if the sale would carry a straight commission, to which defendant replied, "oh, yes." That plaintiff then got in touch with Mrs. Killam and thereafter informed defendant that she was sending Mrs. Killam to look at the property; and that within a few days after Mrs. Killam made the down payment on the purchase the defendant called on the plaintiff and declared "I came to pay you some money. You did not earn anything but I am willing to give you $250.00", which was refused by the plaintiff.

The defendant testified that in the telephone conversation nothing was said about commissions and that she told the plaintiff that the price, whether sale was to plaintiff or her friend, would be $35,000 net. The defendant gave no testimony concerning the subsequent conversation wherein the $250 offer is said to have been made.

Measured by the applicable rule, it is clear that the service was beneficial to the defendant. Whether or not the defendant had reason to believe same was not gratuitous nor performed for the benefit of another is dependent upon whether the testimony of the plaintiff or defendant accords with the fact. This question, which goes to the credibility of witnesses and the weight and value to be given their testimony, is one within the province of the jury, and of the court where a jury is waived. In either case, there being no error of law,

the judgment will not be disturbed on appeal if there is any competent evidence reasonably tending to support the verdict or the conclusion of the trial court. Lowe v. Hickory, 176 Okla. 426, 55 P. 2d 769.

The court found generally for the plaintiff. There is competent evidence to support the finding.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.