Richard W. BIRD, Administrator of the Estate of Verde Maye Bird and Terry Joseph Bird, Deceased, Appellant,

v.

The STATE of Oklahoma ex rel. the STATE HIGHWAY DEPARTMENT, Appellee.

No. 45564.

Supreme Court of Oklahoma.

Sept. 25, 1973.

Kienzle, Hicks & Jay, Shawnee, for appellant.

Floyd W. Taylor, Gen. Counsel, Okl. Highway Dept., Oklahoma City, for appellee.

LAVENDER, Justice:

This concerns the doctrine of sovereign immunity of the State from tort liability. The issues are, first, whether the doctrine, as it relates to tort actions, should be overturned by the judiciary, and, secondly, whether a duly approved joint resolution of the Legislature which, 1. noted compliance with Article V, Oklahoma Constitution, § 32 providing for notice procedures prior to the Legislature considering special laws, and, 2. waived immunity of the State of Oklahoma from suit by the plaintiff and authorized him to institute such suit in the tort matter concerned, thereby rendered inapplicable provisions of Article V, Oklahoma Constitution, § 59 prohibiting special laws where general laws can be made applicable, and conferred jurisdiction on the trial court that otherwise did not exist unless the doctrine of sovereign immunity was invalid.

We hold that the doctrine should not be thus overturned, and that the joint resolution did not confer jurisdiction upon the trial court, and that the trial court had no jurisdiction to try the suit.

The petition in the trial court alleged that the plaintiff's wife and child were killed in a one motor vehicle accident on a state highway by reason of the negligence of the state highway department and a state employee, and that he, the plaintiff and the estates of the deceased, which he represented as administrator, thereby suffered damage. The suit against the employee was later dismissed with prejudice at the instance of the plaintiff.

Plaintiff's petition reflected compliance with procedural requirements that there be verified newspaper notice of intention to introduce a special bill, as provided for in Article V, Oklahoma Constitution, § 32, prior to the Legislature considering the bill. He said, however, that this bill was not special legislation because any person using the

highway could have done the same thing. He said that this compliance with Section 32 was simply a procedural requirement for bringing this type of general litigation.

Defendant entered a Special Appearance and Denial of Jurisdiction and the court found that the cause was barred by reason of sovereign immunity of defendant from suit without legislative consent; that the House Joint Resolution purporting to waive sovereign immunity of defendant from suit by plaintiff was unconstitutional and void under Article V, Oklahoma Constitution, § 59 providing that "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted;" and that the court was without jurisdiction to proceed further in the matter. The court, by order, dismissed the action against defendant for want of jurisdiction.

In his brief, the plaintiff deals with the doctrine of sovereign immunity and urges that it is an outmoded concept that does wrong that cannot be justified. Defendant in its brief argues to the contrary. Both cite authority. Defendant then further argues that the procedural provisions of Section 32, Article V, of the Constitution were nothing more than a requirement of procedure to be followed by the passing of special acts not prohibited by some other section of the Constitution. As noted, Section 59, Article V, of the Constitution prohibits special laws where general laws may be made applicable. Defendant says that plaintiff's compliance with the provisions of Section 32 was an idle act.

■ On the first stated issue of whether the doctrine of sovereign immunity of the state from tort liability should be overturned by the judiciary (which is the limited nature of the doctrine with which we are here concerned), we observe that many persons, at many times and places have expressed opinions, some being judicial, and also some with great feeling. It would serve no good purpose to add another dissertation, so we simply state that in 1972 we reaffirmed the validity of the doctrine of sovereign immunity from tort liability in this state. Rector v. State (1972), Okl., 495 P.2d 826, citing Newman v. State ex rel. Board of Regents (1971), 490 P.2d 1079. We do not now find that the judiciary should abolish the doctrine.

■ On the second issue of whether the joint resolution rendered inapplicable the provisions of Article V, Oklahoma Constitution, § 59, we agree with both parties that the provisions of § 32 are procedural requirements—whether as a condition precedent to passing a special act not otherwise prohibited by the Constitution, as defendant contends, or whether a procedural requirement for a particular type of general legislation, as plaintiff contends, is of no real moment. The important matter is whether this was special legislation—considering a joint resolution as a special law for these purposes, and, if so, whether a general law could be made applicable in its stead.

This court held in Ward v. State (1936), 176 Okl. 368, 56 P.2d 136, quoting from Oklahoma News Co. v. Ryan (1924), 101 Okl. 151, 224 P. 969, 972, that a joint resolution duly passed by both branches of the Legislature, signed by the presiding officer of each, and approved by the Governor—all of which is the situation here, may operate to alter or modify an existing law where such alteration or modification is of a *temporary* character. The Ward case involved a demurrer matter relating to the sufficiency of the petition and the statute of limitations, and the provisions of Article V, § 59, of the Constitution as they might affect the validity of the resolution were not raised. However, the fact that a joint resolution only temporarily modifies existing law does not necessarily make it any the less a special law as that term is used in Article V, Section 59, Constitution of the State of Oklahoma. In Rector v. State, supra, we applied the reasoning employed in Jack v. State (1937), 183 Okl. 375, 82 P.2d 1033, wherein an act of the Legislature purporting to authorize maintenance of suit for

personal injuries against the state was condemned as a special law, to a joint resolution and held that the latter, because a general law could be made applicable, was invalid.

That the Legislature could have enacted a general law which would have had the effect of authorizing the plaintiff in this case to maintain his action against the state seems obvious. The joint resolution was invalid. Our decision in Rector v. State, supra, is controlling here.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, BARNES, and SIMMS, JJ., concur.

HODGES and DOOLIN, JJ., dissent.