Eloyd MILLS, Appellant,

v.

Ned BENTON, Director of the State of
Oklahoma Department of Corrections,
et al., Appellees.

No. 49328.

Supreme Court of Oklahoma.

April 26, 1977.

Rehearing Denied Sept. 13, 1977.

Travis & Durbin, Gerald E. Durbin, II,
Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Wm. Don
Kiser, Asst. Atty. Gen., Oklahoma City, for
appellees.

LAVENDER, Vice Chief Justice:

Eloyd Mills (Mills), plaintiff, was impris-
oned on a life sentence for murder in 1939.
In early 1974, the United States District
Court for the Western District of Oklahoma
entered judgment finding Mills's constitu-
tional rights, both federal and state, had
been violated in that criminal proceeding.
This federal decision required Mills to be
retried or released.  He was released.

After Mills's release from prison, he
brings this action with the State of Oklaho-
ma (State) as the principal defendant.  Tri-
al court sustained the general demurrers of
defendants lodged against the amended pe-
tition.  Mills appeals.

On appeal, Mills argues for the abolish-
ment of the doctrine of governmental or
sovereign immunity.  His brief bottoms his
relief, first on breach of contract, and
secondly, in the alternative, on tortious con-
duct.

We review this case as pled in the amended petition. The principal cause of action alleges a contract of employment as between Mills and the State. He seeks reasonable compensation for labor rendered the State while in prison. He acknowledges pay for work in prison industries as then allowed by 74 O.S.1971, § 123e, since repealed. Mills pleads the federal court decision as estoppel by judgment that work he performed was not as a prisoner.

■ On this principal cause of action, we need not reach the issue of governmental immunity. Action for breach of contract can come only if there was a contract. Under the circumstances of this case, an essential element as to a contract for services was not pled.

By statute, a contract is either express or implied. The terms are stated in words in an express contract. The existence and terms are manifested by conduct in an implied contract. 15 O.S.1971, §§ 131, 132, 133. Mills pleads an implied contract. He argues the creation of a contract relationship with the State through the mutual mistake of both parties considering him a prisoner. We have difficulty with the rationale that, if Mills did do work for the State mistakenly as a prisoner, then he must have been in the employment of the State. Syllabus by this court in *Popplewell v. Gregory,* 199 Okl. 681, 189 P.2d 941 (1947) states:

"In order to raise an implied contract to pay for services rendered another it is necessary that the services be performed under such circumstances as to give the recipient thereof some reason to think they are not gratuitous, not performed for some other person, *but with expectation of compensation from the recipient* and the service must have been beneficial to the recipient." (Emphasis added.)

We accept for the purpose of this opinion Mills's assertion that Mills mistakenly thought himself to be a prisoner. Under such circumstances, there could not be expectation of compensation from the State for the work he did in that mistaken capacity other than for prison industry work. He acknowledges payment for that work and pleads the State is entitled to a set-off of that payment. *Popplewell, supra,* is controlling. An essential element of an implied contract to pay for services is that the services performed must be with an *expectation of compensation.* That element is lacking in this case. Under the facts and circumstances here, the expectation for compensation was not and could not be pled. At the time the work was performed, mistakenly as a prisoner, there could be no reasonably drawn inference of expectation for compensation from the State. *Turner v. Rector,* Okl., 544 P.2d 507, 508 (1975).[1] The principal cause of action sought to be pled lacked that essential element. That cause of action was properly subject to a general demurrer. The trial court did not err in sustaining demurrers to the implied contract cause of action for services.

■ The alternative cause of action pled is admittedly in the nature of a tort. We reach the issue of governmental immunity on this alternatively pled cause of action.

In recent decisions, this court has relaxed to some degree the application of this doctrine in actions based on contracts. *State Bd. of Pub. Affairs v. Principal Funding Corp.,* Okl., 542 P.2d 503 (1975); *Schrom v. Oklahoma Industrial Development,* Okl., 536 P.2d 904 (1975). In *Bird v. State ex rel. State Highway Department,* Okl., 514 P.2d 938, 940 (1973), we refused to abolish the doctrine of sovereign immunity as to tort liability.[2] There, this court said by syllabus:

1. 544 P.2d at p. 508 of the reporter,

"To determine the sufficiency of a petition, the general rule is that the demurrer admits the truth of all facts well pleaded together with all inferences which may be reasonably drawn therefrom. But a demurrer does not admit facts which are not pleaded or conclusions of fact or law which are not supported by the allegations of the petition. *Mohoma Oil Co. v. Ambassador Oil Co.,* Okl., 474 P.2d 950 (1970)."

2. 514 P.2d at p. 940 of the reporter,

"On the first stated issue of whether the doctrine of sovereign immunity of the state

"The doctrine of sovereign immunity of the State from tort liability *is extant* in Oklahoma." (Emphasis added.)

Sovereign immunity is subject to waiver. Waiver by implication in a tort action through the purchase of liability insurance was recognized in *Lamont Ind. Sch. Dist. # I–95 of Grant Cty. v. Swanson,* Okl., 548 P.2d 215 (1976). That opinion refused to recognize the purchase of liability insurance as an absolute waiver of the doctrine, but a waiver only to the extent of the insurance coverage. In the present case, no waiver is argued. *Bird, supra,* controls. We refuse to overrule that holding. "We do not now find that the judiciary should abolish the doctrine." *Bird, supra.*

The trial court did not err in sustaining demurrers to the alternatively pled cause of action.

Affirmed.

DAVISON, IRWIN, BERRY, BARNES, and SIMMS, JJ., concur.

HODGES, C. J., and DOOLIN, J., concur in result.

from tort liability should be overturned by the judiciary (which is the limited nature of the doctrine with which we are here concerned), we observe that many persons, at many times and places have expressed opinions, some being judicial, and also some with great feeling. It would serve no good purpose to add another

dissertation, so we simply state that in 1972 we reaffirmed the validity of the doctrine of sovereign immunity from tort liability in this state. *Rector v. State* (1972), Okl., 495 P.2d 826, citing *Newman v. State ex rel. Board of Regents* (1971), 490 P.2d 1079. We do not now find that the judiciary should abolish the doctrine."