**Don SPAULDING, Appellant,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF TRANSPORTATION of the State of Oklahoma, Appellee.**

**No. 53089.**

Supreme Court of Oklahoma.

Oct. 7, 1980.

Steven E. Clark, Abel, Musser & Sokolosky, Oklahoma City, for appellant.

Floyd W. Taylor, Gen. Counsel, Dept. of Transp., Oklahoma City, for appellee.

BARNES, Justice:

In this case, we are asked to determine whether the Trial Court's dismissal of a tort action, based upon the defense of sovereign immunity, was proper.[1] The sole proposition raised on appeal in Appellant's brief is:

> "The doctrine of sovereign immunity is unjust, inequitable and not suited to the times, and must be abrogated."[2]

**3.** See, e. g., Reynolds, supra, n.1 at 724 and Prosser, supra, n.1. at 236, 244–246, 250, 267, 282 ·285.

**1.** At one time during the appellate process, this case was consolidated with a companion case, *Marie Morrow, et al. v. W. O. Frost, et al.,* Case

No. 53,088. The order consolidating those two cases was subsequently vacated on the basis that a settlement in Case No. 53,088 had been reached.

**2.** In addressing this issue, we would note that although the defense of sovereign immunity

The Appellant was allegedly a passenger in a vehicle traveling south on U.S. Highway 75 when the vehicle was involved in an accident in which Appellant was allegedly injured due to a defective guardrail, which was under the control of the State of Oklahoma. Appellant does not argue that any facts in the petition or amended petition show that the State or its agents or employees had consented to suit, waived their rights to governmental immunity, or were guilty of willful and wanton acts. In short, Appellant does not argue that the defense of governmental immunity, as it presently exists, was not available to the defendants below. Rather, Appellant asserts that the entire doctrine should be abrogated.

Ten years ago, in *Henry v. Oklahoma Turnpike Authority*, 478 P.2d 898, 903 (Okl. 1970), we stated:

> "The doctrine of governmental immunity has long been the law and public policy of this State.... If the present policy is to be changed it should be done by the legislature, as representatives of the people, and not by this court."

We have reaffirmed our opinion in *Henry* on several occasions since our opinion in that case, holding or inferring that if the doctrine of sovereign immunity is to be abrogated, it should be done by the Legislature.[3]

We affirm our prior opinion that if the doctrine of sovereign immunity is to be totally abrogated, such should be done by the Legislature and not by the courts of this State.

For the above stated reasons, we find no merit to the sole proposition raised on appeal. Accordingly, we affirm the action of the Trial Court.

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS and HARGRAVE, JJ., concur.

SIMMS, J., concurs by reason of stare decisis.

HODGES and OPALA, JJ., dissent.

OPALA, Justice, dissenting:

I cannot join the court's opinion for the reasons stated by me in *Walton v. Charles Pfizer & Co., Inc.,* Okl., 590 P.2d 1190 [1979]; *Terry v. Edgin,* Okl., 598 P.2d 228, 238 [1979]; and *Hershel v. University Hospital Foundation,* Okl., 610 P.2d 237 [1980].

I am authorized to state that HODGES, J., concurs in my views.

---

was raised by way of an objection to jurisdiction and motion to quash, no one objected to raising the defense in this manner. Whether such a defense is legitimately raised through such procedure is not before us.

3. See, *Bird v. State, ex rel. Dept. of Highways,* 514 P.2d 938 (Okl.1973); *State, ex rel. Dept. of Highways v. McKnight,* 496 P.2d 775 (Okl. 1972). Also see *Neal v. Donahue,* 611 P.2d 1125 (Okl.1980).