**Pauline RUBLE, Appellant,**

v.

**The DEPARTMENT OF TRANSPORTA-
TION of the State of Oklahoma,
Appellee.**

**No. 56265.**

Supreme Court of Oklahoma.

March 15, 1983.

John F. Reichenberger, Woodward, for appellant.

Norman Hill, John T. Pugh and Joseph J. Stancampiano, Okl. Dept. of Transp., Oklahoma City, for appellee.

IRWIN, Justice:

Appellant was allegedly injured when she lost control of her car after hitting a patch of loose rock and oil which had been left on a state highway by employees of the State Department of Transportation (State). State's demurrer to appellant's petition was sustained upon the theory that maintaining the state highway system is a governmental function and sovereign immunity attaches. Appellant elected to stand on her petition and judgment was rendered for State. Appellant appealed.

Appellant principally relies on *Terry v. Edgin,* Okl., 598 P.2d 228 (1979) to support her contention that the maintenance of a state highway is a proprietary function and there is no sovereign immunity. In *Terry,* a county was held not immune from liability for its negligent maintenance of a city street. The determining factor in the case, however, was not that the county was maintaining a city street but that it had voluntarily maintained the street under a statute which was *permissive* in nature. Therein we said:

> "The operative feature of this statute is that it is permissive in nature. The only duties borne by the county in connection with the street on which the accident in this case occurred were voluntarily assumed pursuant to a contract executed under the authority of 69 O.S.1971, § 603. A county is acting in its proprietary capacity when it performs duties which it has voluntarily assumed, *Granite Oil Securities v. Douglas County,* 67 Nev. 388, 219 P.2d 191 (1950), *Henderson v. Twin Falls County,* 56 Idaho 124, 50 P.2d 597 (1933)."

*Terry* does not mandate a holding that the maintenance of county highways, let alone state highways, is a proprietary function. Building and maintaining a state highway system is mandatory and it is a

governmental function. Art. 16, § 1 of the Constitution provides that the Legislature shall establish a Department of Highways and shall provide for building and maintaining public roads. 69 O.S.1981, § 101(a) Declaration of Legislative Intent, states:

"Recognizing that safe and efficient highway transportation is a matter of important interest to all the people in the state, the Legislature hereby determines and declares that an integrated system of roads and highways is essential to the general welfare of the State of Oklahoma."

Subsequent to our promulgation of *Terry*, this court rendered its decision in *Spaulding v. State ex rel. Department of Transportation*, Okl., 618 P.2d 397 (1980). The alleged negligence of State giving rise to the claim for damages in *Spaulding* was a defective guardrail along a highway. Therein we said that if sovereign immunity is to be abrogated, it should be done by the Legislature and not by the courts. We held sovereign immunity attached in *Spaulding*.

The trial court correctly applied the doctrine of sovereign immunity.

JUDGMENT AFFIRMED.

BARNES, C.J., LAVENDER, HARGRAVE and WILSON, JJ., concur.

SIMMS, V.C.J., concurs by reason of stare decisis.

HODGES, DOOLIN and OPALA, JJ., dissent.