## CITIES SERVICE OIL CO. v. OKLAHOMA TAX COMMISSION.

No. 30556. Sept. 29, 1942.

*129 P. 2d 597.*

A. M. Ebright and Roland Boynton, both of Bartlesville, for plaintiff in error.

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, all of Oklahoma City, for defendant in error.

GIBSON, J. This action was instituted in district court by Cities Service Oil Company against Oklahoma Tax Commission to recover a certain sum representing mileage tax collected from plaintiff under the provisions of the Motor Vehicle Mileage Tax Act of 1937, and paid under protest (art. 9, ch. 66, S. L. 1937). Judgment was for defendant, and plaintiff appeals.

The tax in question was collected for the month of September, 1939.

Plaintiff's contention was that the 1937 Act was not in force during that month, but had been repealed prior thereto by the Motor Vehicle License and Registration Act of 1939 (art. 7, ch. 50, S. L. 1939).

The action was submitted on the pleadings and an agreed statement of facts which in effect left for the decision of the trial court only the question of law whether the 1937 Act was repealed prior to September, 1939, by the 1939 Act, supra. If such repeal did occur as contended by plaintiff, then it was entitled to judgment under the agreed statement of facts, and the trial court erred in rendering judgment for defendant.

The Act of 1939 provides for the payment of license fees on motor vehicles such as those here involved, and it is agreed that section 38 thereof specifically repealed those sections of the 1937 Act levying the mileage tax on such vehicles.

The controversy involves only the effective date of the repealing section, and arises under the provisions of section 40 and the emergency clause of the statute. Section 40 reads as follows:

"This act shall be in full force and effect on and after January 1, 1940."

Then follows an emergency clause in due form placing the act in full force and effect upon its passage and approval. It was approved April 18, 1939.

Plaintiff contends that the emergency clause was controlling and that by reason thereof the 1937 Act was repealed as of April 18, 1939. It is said that if there is any uncertainty as to the time the repealing clause became effective, plaintiff, as the taxpayer, should be favored in the construction of the statutes, as is the rule in this state.

The legislative intent is the controlling element in the judicial interpretation of statutes. But if they contain no inconsistent provisions, no ambiguities or uncertainties, no occasion exists for the application of rules of construction and they will be accorded the meaning as expressed by the language therein employed. In re Assessment of Champlin Refining Co., 186 Okla. 625, 99 P. 2d 880. The rule is there stated as follows:

"Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts

are not permitted to search for its meaning beyond the statute itself."

It is urged that section 40 and the emergency clause of the act, supra, are in conflict with reference to the effective date of the clause repealing the former act. It is said that in such situation the last of the conflicting sections will control, which in this case was the emergency. Authorities from other states are cited.

But we see no irreconcilable conflict between the two sections. The power of the Legislature to fix the effective date of a measure is controlled by section 58, art. 5, of the Constitution. That section provides that no act, with the exception of certain types of legislation not here involved, shall take effect until 90 days after adjournment of the session in which the same was enacted, unless the emergency clause is attached to the bill. The Constitution neither requires that all acts without the emergency become effective at the expiration of 90 days from adjournment nor that the emergency when added must fix the effective date as of the day of passage and approval. Without the emergency, bills of this character cannot take effect under 90 days, but the Legislature may suspend their operation beyond 90 days. Leatherock v. Lawter, 45 Okla. 715, 147 P. 324. It was there held as follows:

"It is competent for the Legislature to fix a date in the future upon which an act shall become effective, provided that said date is not less than 90 days from the date of adjournment; and in cases where an emergency is declared to exist, they may be made effective from and after their passage and approval."

In the opinion in that case the court had the following to say:

"It is further urged that because by section 1 of the act it is provided that the act shall not take effect until the first Monday in January, 1915, same is in violation of that provision of the Constitution (section 58, art. 5 [Williams' Ann. Const. sec. 147A]) which requires that all acts go into effect 90 days after the adjournment of the Legislature. This section of the Constitution does not fix the date at which the legislation shall become effective, but merely provides that no act shall go into effect until after the expiration of 90 days, unless an emergency is declared by the Legislature. Numerous instances might be cited in this state where the Legislature has passed laws to go into effect at a certain date, in the future, and the validity of such legislation has not been questioned. The right to enact legislation of this kind, when not expressly prohibited, is uniformly upheld by the courts."

The statute there considered did not contain the emergency clause. However, had there been such a clause, the result no doubt would have been the same. In the absence of prohibitive constitutional provision, an act may be made to become a law immediately upon its enactment, with its operation suspended to a future date. And so, by adding the emergency, the act becomes a law on approval in this state, but, by express provision, it may be held in abeyance until a specified time. We see no inconsistency in that character of legislation.

In Blankenship v. Stallings (Tex. Civ. App.) 141 S. W. 2d 957, it was said:

"The statute . . . became a law immediately upon its passage by virtue of emergency clause therein, though the statute by its own provisions did not become effective until a subsequent date. . . ."

Although the emergency clause in this case provided that the act take effect and be in full force from and after its passage and approval, that provision should be looked upon as subordinate to the express provision contained in the body of the act suspending its operation until a future date. The emergency clause may serve a particular and important function in such case for the reason that the day of adjournment cannot in every instance be foreseen at the time of the enactment, and if the emergency clause is attached to the measure, it will go into effect on the

day fixed therein notwithstanding that day may later turn out to be less than 90 days from the date of adjournment. Thus, where the purpose of a statute will be wholly or partially thwarted unless it becomes effective on a particular date, the emergency clause will insure its operation at the designated time regardless of the date the Legislature may have adjourned.

By the Act of 1939 the Legislature clearly intended to abolish the tax provided for in the Act of 1937, and to substitute another tax therefor, all as of January 1, 1940. The emergency clause attached to the Act of 1939 merely insured the commencement of its operation on January 1, 1940, regardless of the date of adjournment of the Legislature that enacted the measure.

The judgment is affirmed.

OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.