STATE of Oklahoma ex rel. OKLAHOMA EMPLOYMENT SECURITY COMMIS-SION, Plaintiff in Error,

v.

Leo SANDERS, Defendant in Error.

No. 37094.

Supreme Court of Oklahoma.

Oct. 2, 1956.

Rehearing Denied Nov. 20, 1956.

Application for Leave to File Second Petition for Rehearing Denied Dec. 11, 1956.

Milton R. Elliott and Burton Duncan, Oklahoma City, for plaintiff in error.

Withington, Shirk, Nichols & Clifford, Oklahoma City, for defendant in error.

DAVISON, Justice.

This appeal presents the question of allowance of interest on a judgment for refund of unemployment taxes which said judgment was heretofore affirmed by this court on the merits of the issues. No. 36,-699, Oklahoma Emp. Sec. Comm. v. Sanders, Okl., 272 P.2d 379. Leo Sanders, as plaintiff, filed an action in the District Court of Oklahoma County, Oklahoma, against the defendant, State of Oklahoma ex rel. Oklahoma Employment Security Commission, which was in the nature of an appeal from an adverse order of said commission on his application for refund of a part of the unemployment taxes theretofore paid by him. The parties will be referred to as they appeared in the trial court.

Plaintiff, in April 1944, filed with the defendant, Employer's Quarterly Adjustment Reports for each of some seven previous annual quarters, alleging error in the amount of taxable wages reported and in the rate of contribution charged. After denial of the refund by defendant, plaintiff filed the appeal in said district court where judgment was rendered for him in the amount of wages reported but denying any refund based upon the alleged error in the rate of computation. Both parties appealed.

After affirmance of the judgment by this court and issuance of mandate, the trial court ordered it and the defendant paid the principal amount of said judgment on July 16, 1954. Thereafter, on May 23, 1955, upon motion of plaintiff, the trial court determined that plaintiff was entitled to interest at the rate of 6% per annum on the amount of said judgment from the date of its rendition, February 14, 1952, to the date of its payment, July 16, 1954. From that order and judgment, the defendant has perfected this appeal.

Defendant contends that the court erred in ordering the payment of interest because of the appeal by both par-ties from the judgment for refund. The argument in support of the contention is founded upon the statement in the case of Harden v. Harden, 191 Okl. 698, 130 P.2d 311, to the effect that,

"Where both parties appeal from a judgment, interest will not be allowed on the judgment, pending appeal, because both parties are responsible for delay in the payment thereof. This seems to be the rule where money judgments only are involved and there is no contract calling for interest. 33 C.J. 247."

However, the quoted statement was obiter dicta and the allowance of interest on the judgment there was directed.

Much the same proposition as here was considered in the case of State ex rel. Com'rs of Land Office v. Warden, 206 Okl. 223, 242 P.2d 129, wherein was held that

"Interest is recoverable on judgment against state from and after its date at legal rate. 15 O.S.1941 § 274."

In the cited case the Harden case was discussed and quoted, with reference to limitation of the rule here relied upon, as follows:

" 'But it is subject to the rule * * * that the question of suspension of interest pending appeal is largely determined by the character of the case and the result of the appeal.' "

See also the reference to the Harden case in the case of M. E. Trapp Associated v. Tankersley, 206 Okl. 118, 240 P.2d 1091.

The reasoning in the Warden case is determinative of the proposition here presented. Defendant takes the position that the Warden case, being one involving equity or accounting in equity, differed from the case at bar, which by statute, 40 O.S. 1951 § 224(g), was designated as a "legal remedy by action of law." A similar argument was made in the case of Bonaparte v. American Vinegar Mfg. Co., 161 Okl. 54, 17 P.2d 441, 445, where it was held that

"The procedure in force at the time this action was commenced was substi-

tuted for action by injunction, yet, a proceeding under section 9971, C.O.S. 1921, to recover taxes paid under protest, is in its nature equitable."

By the provisions of 40 O.S.1951 § 224 (d) an employer, by meeting the requirements, was given a right to proceed for recovery of erroneous overpayments of unemployment taxes comparable to the right given to ad valorem taxpayers by the statute cited in the above quotation which, as amended, is now 68 O.S.1951 § 15.50. A further analogy is found in that, by the terms of the statute here involved, 40 O.S. 1951 § 224(d), and by virtue of the interpretation of the ad valorem statute, 68 O.S. 1951 § 15.50, by this court, Eaton v. St. Louis & S. F. Ry. Co., 122 Okl. 143, 251 P. 1032, in neither case is the taxpayer entitled to recover interest on the amount of overpayment or illegal tax. But after rendition of judgment a different situation obtains, which brings us to defendant's remaining contention, namely, that the express provisions of the statute prohibit the allowance of interest on the judgment.

With that contention we do not agree. The statute does prohibit the recovery of interest on the overpayment but where the judgment is rendered the situation parallels that in the Warden case, supra, in that the defendant or tax collecting agency has in its hands a sum of money consisting of two items. One is the amount of legal taxes paid, to which it is entitled. The other is a sum of money belonging to plaintiff which defendant has no right to withhold from him any longer. Many of the elements of an accounting are involved here the same as in the Warden case. In any event, the same reason applies herein and the trial court's order requiring the payment of interest on the judgment from its rendition to its payment was correct.

The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.