SALARY OF ASSOCIATE DISTRICT JUDGE — EFFECT OF COUNTY POPULATION DECREASE The salary of an Associate District Judge in a county whose population has decreased in the period between the last Federal Decennial Census in 1970 and the next preceding census, may not be diminished during the term the affected judge is then serving. However, if the new census is officially certified at any time after July 1, 1970, and before the second Monday in January, 1971, the affected judge's salary may be reduced beginning with the commencement of such judge's new term on the second Monday of January, 1971, to conform to the statutory requirements fixed by the population criteria set forth in H.B. No. 1492, 2nd Session, 32nd Oklahoma Legislature (O.S.L. 1970, Ch. 228, 295). The Attorney General has had under consideration your letter dated dune 17, 1970, wherein you advise and inquire as follows: "Article VII, Section 11(a) Oklahoma Constitution, provides for fixing the salaries of Judges and Supreme Court Justices by Statutes, and provides further that such salaries may be increased, but may not be decreased, during respective terms of office of such Judges and Justices. "Salaries of Associate District Judges have been fixed in Chapter 378, Section 295, Oklahoma Session Laws of 1968, as amended by House Bill No. 1492 of the 2nd Session of the 32nd Oklahoma Legislature. "The amount of compensation of such Associate District Judges is computed on the population of the county in which an Associate District Judge serves, and such population is based on the 'latest Federal Decennial Census'. "The 1970 Federal Census figures will be announced in the near future and it is expected that some Oklahoma counties with 1960 census figures of more than 10,000 may fall below that figure in 1970. "Please tell us whether or not the salary of an Associate District Judge in a county whose population in 1960 was 10,000 or more, but whose 1970 population according to the Federal Decennial Census is less than 10,000 may be decreased to the salary fixed by Statute for such county at the time the 1970 census figures become official, or at the beginning of such official's next term of office." The constitutional and statutory provisions relevant to the questions presented are: (1) Article VII, Section 8(f) of the Oklahoma Constitution, as amended, which provides in Section 8(f): "The terms of District Judges and Associate District Judges shall be for four years commencing on the second Monday of January in 1971 and vacancies shall be filled in the manner provided by law." (2) Article VII, Section 11(A) of the Oklahoma Constitution, as amended, which provides in Section 11(a): "Judges and Supreme Court Justices shall receive for their services salaries provided by statute. The salaries of judges and justices shall not be diminished, but may be increased during their respective terms of office. . . ." We are advised that the official certified results of the 1970 Federal Decennial Census will not be available until mid-December, 1970. H.B. 1492, 2nd Session, 32nd Oklahoma Legislature, was approved April 15, 1970. It contained the emergency clause and an effective date of July 1, 1970. This is permissible under the doctrine discussed in Cities Service Oil Company v. Oklahoma Tax Commission, 191 Okl. 303,129 P.2d 597, (1942). In Dell v. Crum, Court Clerk,188 Okl. 67, 106 P.2d 518, (1940), the court held that the Act classifying judicial districts on the basis of population for the purpose of fixing salaries of District Judges was a general and not a special law. In State of Oklahoma ex rel., Floyd E. Carrier, et al. v. State Election Board of Oklahoma, Okl., 318 P.2d 422, (1957), the Court observed in paragraph number 1 of its syllabus: "The object of construction, applied to the constitution, is to give effect to the intent of its framers, and of the people adopting it. This intent is to be found in the instrument itself; and when the text of the constitutional provision is not ambiguous, the courts, in giving construction thereto, are not at liberty to search for its meaning beyond the instrument." To the same effect see Gordon Hines v. Leo Winters, Okl., 320 P.2d 1114, (1958), and McCurtain County Excise Board v. St. Louis-San Francisco Railway Company, Okl., 340 P.2d 213, (1959). There can be no question that Article VII, Section 11(a) of the Oklahoma Constitution, provides that the salaries of judges are to be fixed by statute, and may be increased, but not diminished, during the term of office of a judge serving therein. We find no ambiguity in the language of the constitutional provision or in the statutes by the terms of which judges' salaries are fixed or in the classifications based on population set up in the statutes. Accordingly it is the opinion of the Attorney General that your question must be answered as follows: The salary of an Associate District Judge in a county whose population has changed between 1960 and 1970, as determined by the Federal Decennial Census conducted in 1970 may, after July 1, 1970, be increased, but may not be diminished, during the term such judge is then serving. If a reduction in population has occurred and is officially certified to after July 1, 1970, and before the second Monday in January, 1971, then beginning with the new term commencing on the second Monday of January, 1971, the salaries of Associate Judges in the affected county or counties may be diminished in conformity with the statutory population criteria. (Carl G. Engling)