Johnita Sue **CAYWOOD**, Petitioner,

v.

Robert Monroe **CAYWOOD**, Jr., Respondent.

No. 48915.

Supreme Court of Oklahoma.

Sept. 29, 1975.

wife all property under 12 O.S.1971, § 1278 as amended (12 O.S.Supp.1975, § 1278) to be tried on its merits after effective date of amending act, October 1, 1975. Trial judge certified an immediate appeal of his order based on an interpretation of language contained in the amending act reading, "When a divorce shall be granted the wife shall be restored * * * also to all the property land, tenements, hereditaments owned by either party before marriage or acquired by either party in their own right after such marriage, and not previously disposed of. * * *" on the grounds that it would materially advance the ultimate termination of the litigation. We grant certiorari.

Parties to the divorce action have filed briefs. By joint motion, they seek to advance this appeal based on need of divorce litigants throughout the State of Oklahoma to have a reliable interpretation to prevent chaotic conditions in the trial courts. That motion is granted.

The amending act [1] *became a law* in this state 90 days after adjournment of the Legislature on June 6, 1975, *with its operation suspended* to October 1, 1975. *Cities Service Oil Co. v. Oklahoma Tax Commission,* 191 Okl. 303, 129 P.2d 597 (1942). In *Cities Service, supra,* an act passed with an emergency clause was held to become a law on approval, but operation was held in abeyance until a specified time stated in the act. We find no legal distinction between *Cities Service* and the present case other than one act was passed as an emergency and became a law upon approval; the other act was passed without an emergency and became a law 90 days after adjournment of the Legislature. The operation of both acts was suspended to a future specified date.

The title of the act here under review states in its entirety:

*"An act relating to civil procedure; amending 12 O.S.1971, section 1278; providing for restoration of wife's maid-*

Robert A. Flagler, Norman, for petitioner.

Lucas & Cate by Byron L. Cate, Norman, Kenneth R. Nance, Oklahoma City, for respondent.

LAVENDER, Justice:

In a divorce action by pretrial order, the trial judge refused to automatically award

1. Laws Thirty-Fifth Legislature, First Regular Session–1975, Ch. 350 H.B. No. 1314.

*en or former name on granting of divorce; providing for restoration to the parties of their separate property; allowing alimony to be awarded when necessary for the support of the divorced spouse,; authorizing the court to make such division of property as is just and reasonable; and providing effective date."*

The title to an act of the Legislature must be construed with reference to the language used in it alone and not in the light of what the body of the act contains. *Oklahoma City v. Prieto,* Okl., 482 P.2d 919 (1971). Standing alone and without reference to the act's body, the title expressly addresses itself to the parties' separate property. It provides "for restoration to the parties of their separate property." Webster's Third New International Dictionary, p. 1937 defines "restore" as:

". . . to put back into an original state . . . to give back . . . to put back into a former . . . position . . . ."

Oklahoma has well recognized by statute and case law a husband and wife may have separate interest in property. 32 O.S.1971 § 4; *Sanditen v. Sanditen,* Okl., 496 P.2d 365, 367 (1972). The title allows the body of the act to put back into the party that person's separate property.

The language of the body of the act here under review ignores the express wordage of the title. It requires[2] the wife to receive the separate property, of either party to the divorce, whether acquired and owned by that party before or after marriage. This is contra to the language of the title. *Restoring* to the wife separate property of the husband never owned by her is difficult to understand. It is clearly contrary to that portion of the title calling for the restoration to each party of their separately owned property as stated in the title of the act.

■ The Legislature selected specific language in the title pertaining to separately held property. This is controlling. *Excise Board of Washita County v. Lowden,* 189 Okl. 286, 116 P.2d 700 (1941); *Oklahoma City v. Prieto, supra.* Quoting from *Lowden, supra,* 702:

"Therefore, as in the case then before the court, 'Under that title it [the legislature] was without authority to provide differently * * * in the body of the act' * * *."

Syllabus by the Court in *Oklahoma City, supra,* holds:

"The subject expressed in the title to an act fixes a limit upon the scope of the act, and all parts of an act which are not within its title are unconstitutional and void, * * *."

■ Upon consideration of the title in its entirety, we are unable to discover any language therein which could possibly be construed as authorizing that upon a divorce the wife be awarded: "* * * all the property, lands, tenements, hereditaments owned by either party before marriage or acquired by either party in their own right after such marriage, and not previously disposed of. * * *" Accordingly, such portion of H.B. No. 1314, Ch. 350, of the Laws of the Thirty-Fifth Legislature, First Regular Session–1975 insofar as it amended 12 O.S.1971, § 1278 is void as contrary to Const. Art. 5, § 57. The attempt to grant all the separate property of both parties to the wife being invalid and void, it follows that the same did not operate to amend 12 O.S.1971, § 1278 as to such property when a divorce is granted. *Ex parte Masters,* 126 Okl. 80, 258 P. 861 (1927).

Interlocutory order of trial court affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

2. *Oklahoma Alcoholic Beverage Control Board v. Moss,* Okl., 509 P.2d 666, 668 (1973): In the construction of statutes, the word 'shall' is usually given its common meaning of 'must' and interpreted as implying a command or mandate * * *."