Dear Honorable Padgett,
The Attorney General has considered your request for an official opinion dated May 14, 1979, wherein you ask, in effect, the following questions:
1. If the Surface Mining Control and Reclamation Act of 1977, PL95-87, 30 U.S.C.A. 1201 et seq., is found to be unconstitutional by thefederal court in the case of Virginia Surface Mining and ReclamationAssn., et al v. Andrus, et al, U.S. District Court, Western District ofVirginia, Docket No. 78-0244-B, what effect will this have on theenforceability of the Act and regulations promulgated under its authorityon Oklahoma's regulation of the surface coal mining industry?
 2. May the Department of Mines, by withdrawing their request forpermanent program approval from OSM, render the Oklahoma Coal ReclamationAct of 1979, SB299, Laws 1979, c. ___, inoperative if the request forapproval is withdrawn prior to the date of approval by the Secretary ofthe Interior?
The Attorney General is of the opinion that your first question, by its own terms, is premature for answer.
Until such time as the trial court actually makes a final ruling adverse to the constitutionality of P.L. 95-87, any opinion rendered by this office would be concerning a hypothetical situation that in fact may never arise. The Attorney General, therefore, respectfully declines to answer your first question at this time.
In answer to your second question, reference should be made to Section 62 of SB299, which provides:
 "This act shall become operative on the date of approval of the Oklahoma State plan by the Secretary of the Interior. The Department may take any action and issue any rule or regulation necessary for the proper implementation of this act at any time after the passage and approval of this act by the Governor. The Department shall publish a notice in the Oklahoma Gazette of the operative date of this act as soon as it is determined, and shall notify West Publishing Company of the operative date. If the Department determines that any section or subsection of this act requires an effective date before the approval of the state plan, the Department may publish in the Oklahoma Gazette the effective date of said section or subsection and it shall become effective immediately upon said publication."
A primary rule of statutory construction is that the language used should be accorded the plain, ordinary meaning of the words employed. In re Certification of State Law, 560 P.2d 195 (Okla. 1977); Ridley Packing Co. v. Holliday, 467 P.2d 480 (Okla. 1970). A plain reading for the foregoing section reveals the legislative establishment of a condition precedent to the effectiveness of SB299. Section 62 plainly provides that the Act shall not be operative until the Secretary of the Interior approves the state plan. Section 63, the emergency clause rendering SB299 immediately effective, apparently only operates to vitalize Section 62. See, e.g., Cities Service Oil Co. v. Oklahoma Tax Commission,191 Okla. 303, 129 P.2d 597 (1942). Section 62 contains provisions that would have no meaning at all if not immediately effective. For example, the Department is authorized in Section 62 to take actions and adopt rules and regulations that are necessary for the implementation of SB299. It is therefore clear that the Legislature intended for Section 62 to be immediately effective and for the other Sections to be effective upon the occurrence of one of the operative events set forth in Section 62. It is also clear that the balance of SB299 shall not be effective until the state plan is approved by the Secretary of the Interior. Thus, if the Department has the authority to withdraw the state plan prior to its approval by the Secretary of the Interior, SB299 would by its own terms never take effect.
Reference should be made again to Section 62 which provides in relevant portion:
 ". . . The Department may take any action and issue any rule or regulation necessary for the proper implementation of this act at any time after the passage and approval of this act by the Governor . . . ." (Emphasis added)
Webster's New International Dictionary, 2d Edition (Unabridged) defines the verb "implement" to mean:
"To accomplish; fulfill; complete; carry out."
Clearly, under said section the Department has authority to take any action necessary to carry out the act. Manifestly, if the Department withdrew the plan from the consideration of the Secretary of the Interior prior to the date of his approval, said action would indefinitely postpone the effectiveness of the act and would not be an action taken for the purpose of carrying out the act.
It is, therefore, the opinion of the Attorney General that your secondquestion must be answered negatively. The Department may not withdraw theproposed plan from consideration of the Secretary of the Interior for thepurpose of preventing SB299 from taking effect because such action wouldbe contrary to the Department's duty under Section 62 to "take any action. . . necessary for the proper implementation of the act. . . ."
 In summary, it is the opinion of the Attorney General that your firstquestion should not be answered until the trial court actually makes afinal ruling concerning the constitutionality of P.L. 95-87. TheDepartment has no authority to withdraw the proposed state plan fromconsideration of the Secretary of the Interior for the purpose ofdefeating the effectiveness of S13299.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
CHARLES S. ROGERS, ASSISTANT ATTORNEY GENERAL