**BISON NITROGEN PRODUCTS CO., Appellant,**

v.

**Tom LUCAS, Treasurer of Woodward County, State of Oklahoma; and J.L. Cory, Assessor of Woodward County, State of Oklahoma, Appellees.**

**OKLAHOMA NITROGEN CO., and Bison Nitrogen Products Co., Appellants,**

v.

**Mary Jane HENSLEY, Treasurer, and Darlene B. Lewis, Assessor Woodward County, State of Oklahoma, Appellees.**

**Nos. 57477, 59102, and 59103.**

Supreme Court of Oklahoma.

June 2, 1987.

---

**148**

Conner, Winters, Ballaine, Barry & McGowen, J. Denny Moffatt, Tulsa, for appellants.

Tom Gruber, Dist. Atty., Dwight R. Smith, Asst. Dist. Atty., Woodward, for appellees-Hensley and Lewis.

SIMMS, Justice:

These consolidated actions challenge the scheme of ad valorem tax assessment of personal property in Woodward County. Under this scheme used by the County Assessor, assessment ratios varying from 15% to 27% of value were applied to various items of personal property. The essence of appellants' position on appeal is that this application of different rates of taxation to personal property, with its resulting unequal tax burdens, is arbitrary and unconstitutional in two ways: First, because all tangible personal property should be assessed at the same ratio; second, because all property subject to ad valorem taxation, whether real or personal, should be assessed at the same ratio. Appellants also contend that they should be entitled to interest on any tax paid under protest and subsequently refunded.

Appellants, Oklahoma Nitrogen Company and Bison Nitrogen Company, brought actions below pursuant to 68 O.S.Supp. 1965, § 2469, to obtain refunds of ad valorem taxes paid under protest for taxes assessed on real and personal property for 1980 and 1981. Various real property and personal property assessments were challenged based on variations in assessment ratios. Following its previous decision in an earlier action, *Oklahoma Nitrogen Company v. Lucas,* (Dist.Ct.No. C–80–212) brought by plaintiff, Oklahoma Nitrogen Company, to challenge only the real property assessment variations of 14% to 25% of use value in Woodward County, the trial court held in favor of plaintiffs on the real property issues.[1]

Plaintiffs argued below, as they do here, that it is unconstitutional to allow different assessment percentages to be imposed on various types of personal property and to allow different assessment ratios on per-

---

**1.** That earlier decision was appealed to this Court, and although our review was confined to the question of whether a taxpayer who pays ad valorem taxes without protest was limited to seeking relief under 68 O.S.Supp.1965, § 2469, or could bring an action under 68 O.S.1971, § 2479, we recognized the unconstitutionality of the real property taxation scheme of Woodward County. We held there that a taxpayer who pays taxes without protest under an ad valorem system which is unconstitutional, must bring its action under § 2469. *Oklahoma Nitrogen v. Lucas,* Okl., 655 P.2d 1031 (1983).

sonal and real property. They urged the trial court to extend the holding of *Cantrell v. Sanders,* Okl., 610 P.2d 227 (1980) and the trial court's earlier decision in *Lucas* to personal property. In *Cantrell,* we held that real property remains one class of subjects and that the assessment percentage rate upon that class of subjects must be uniform under article 10, § 5 of our Constitution, even if different use classifications are used to value the property. We therefore struck the Tulsa County Assessor's scheme of applying eight different assessment percentages to some fourteen categories of property, holding the unequal burden of taxation to be unconstitutional. *Cantrell,* however, was concerned exclusively with real property. The trial court in each case refused to extend the application of *Cantrell,* to personal property, finding different treatment of real and personal property well recognized in the law of many areas, including taxation. The court found that the long-standing method of personal property valuation by use classification with varying assessment ratios was acceptable and denied plaintiffs' requested relief.

On appeal, the Court of Appeals reversed the trial court in No. 57,477, holding *Cantrell* controlling and finding that *Cantrell* and *Poulos v. State Board of Equalization,* Okl., 646 P.2d 1269 (1982), required the same assessment ratio be applied to real and personal property. Certiorari has been previously granted. The decision of the Court of Appeals is vacated; the trial court is affirmed in part and reversed in part. The trial courts' judgments in No. 59,102 consolidated with No. 59,103, are affirmed in part and reversed in part. These actions are considered together with No. 57,477 in this opinion.

The record shows that the County Assessor adopted a "use" classification scheme for assessing personal property for ad valorem taxation, and variable assessment ratios were applied to different property. Irrigation equipment, for example, received tax treatment different from grain elevators and water beds.

It is beyond argument that real property in this state is but one class of taxable property with valuation for the different classifications of property fixed according to its use. Article 10, § 8 provides that all real property must be assessed according to its use value.

There is no similar provision for "use" classification of personal property. There is no constitutional or statutory provision to authorize the use classification scheme used by the County Assessor to tax different types of personal property at varying rates. Article 10, § 8 does not set out a classification standard for personal property. The first sentence of that section states "All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale, ..." A ceiling rate of 35% of that "fair cash value" is established. The second part of that section provides for "use value" exception of real property already discussed. No exception for personal property is made, nor may one be assumed without reading more into the constitution than was placed there by the people.

■ Article 10, § 8 makes a distinction between two classes of property: personal property and real property. Accepting that personal property is one "class" of property within § 8, and that use value in differences assessments are not authorized by law, it therefore follows that the Woodward County Assessor's practice of taxing personal property at varying rates is contrary to the controlling provisions of article 10, § 5. That section provides that taxes "shall be uniform upon the same class of subjects."

■ Appellants next argue that fundamental notions of equity, basic taxation concepts, the State Constitution and Constitution of the United States require that the same assessment ratio be applied to realty and personalty so that all property be subject to an equal tax burden. Appellants argue that we explicitly recognized that premise in the language of *Poulos v. St. Bd. of Equalization,* Okl., 646 P.2d 1269 (1982), and implicitly recognized it in the

rationale of *Cantrell v. Sanders*, Okl. 610 P.2d 227 (1980). Appellants contend that it is discriminatory and arbitrary to treat tangible personal property and real property of the same value in a different manner. They argue that the fundamental concept of ad valorem taxation requires equal tax burdens based upon value and that no distinction should be drawn between real and personal property. Appellants contend that with the following language from *Poulos*, 646 P.2d at 1273, this Court recognized and became committed to that rule:

> "There being no valid reason shown for not adopting the 12% ratio, as recommended by the Commission, we hereby determine by judicial decree that *all property* within the state of Oklahoma subject to ad valorem taxes shall be taxed at 12% of its taxable value with permissible inter-county deviations of not more than 3% above or below the mean, and that said percentage shall apply to the 1982 tax year and thereafter until such time as the same shall be changed by the recommendation of the Commission and the determination by the Board based upon good and sufficient valid, legal grounds as provided in 68 O.S.1971, § 2463." (Emphasis supplied).

Then the Court set out the following from *Poulos* I, *State, ex rel., Poulos v. State Board of Equalization*, Okl., 552 P.2d 1134, 1137 (1975):

> "Although a precise uniformity is not required [see *Board of County Commissioners of Canadian County v. State Board of Equalization*, 363 P.2d 242 (Okl.1961)], a rate which is inherently and basically fair to all citizens is mandated by the Constitutions of the United States and the State of Oklahoma. It is patently clear that to meet the standards of the Constitution and of the statutes, the adjustment and equalization of the valuation of *real and personal* properties of all the several counties of this state must be made on an annual and uniform basis." (Emphasis supplied.)

Additionally, appellants contend that the rationale of *Cantrell* also recognized this Court's inclination to adopt such a position. Appellants are in error. While it is true

that *Poulos* mentioned personal property, that inclusion was at most mere dicta. Any mention in passing of all property or personal property within that, or other decisions, certainly cannot be taken to stand for this Court's direction as to a subject not before us. *Cantrell* and the *Poulos* trilogy were involved exclusively with real property and its assessment and valuation; personal property was not an issue. There is no requirement under our Constitution or statutory scheme for identical treatment of real and personal property. As discussed above, under our constitution, all personal property must be assessed at the same ratio, just as real property must be assessed at the same ratio. There is not, however, a requirement that real property and personal property must be assessed at the same ratio. Appellants' reliance on out-of-state authority such as *City of Savannah v. Weed*, Ga., 84 Ga. 683, 11 S.E. 235 (1890), to support their position, is unpersuasive. That clear minority view is dependent on the particular constitutional provisions of Georgia, and those other few states, which require that *all* taxable property be of only one class. Our constitution contains no provision which would require assessment of real and personal property at the same rate, and our legislature has not seen fit to enact such a provision.

Neither do appellants present a convincing argument as to a federal constitutional requirement of equal treatment of personal and real property tax burdens. Appellants present no authority to substantiate such a claim and we are aware of none. For an interesting discussion by the Supreme Court to the contrary, see *Thomas v. Gay*, 169 U.S. 264, 18 S.Ct. 340, 346, 42 L.Ed. 740 (1898), wherein the Supreme Court, reviewing an act passed by the legislative assembly of the Oklahoma Territory which taxed the cattle of non-Indian lessees on Indian reservations but not the real property of the reservation, pointed out that it is not an objection to the validity of a tax act that personal property only and not real property is taxed. It is, the Court noted, the "usual course in tax laws to treat personal property as one class and real estate as

another, and it has never been supposed that such a classification create an illegal discrimination ..."

It is well settled that where taxation is concerned, and no specific federal right, apart from equal protection is involved, states have great leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation. Also, a state taxation scheme will not be held to be arbitrary although it discriminates against a certain class, if that discrimination is founded upon a reasonable distinction or difference in state policy which does not conflict with the Federal Constitution. The Fourteenth Amendment does not impose an iron-clad rule of equality which prohibits flexibility and variety that are appropriate to schemes of taxation. *See* e.g., *Madden v. Kentucky,* 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940); *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973); *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959). In this regard, see also *McLoud Telephone v. State Board of Equalization,* Okl., 655 P.2d 1037 (1982).

Appellants have also asked this Court to hold them entitled to interest on any excess taxes paid under protest, The rule in *State ex rel. Okla. Employment Security Commission v. Sanders,* Okl., 304 P.2d 287 (1956) applies. Appellants are not entitled to any interest on overpaid tax monies prior to the rendition of a final judgment.

We affirm the trial court's judgments insofar as they distinguish between real and personal property, but, we reverse the trial court's judgment regarding personal property. The actions are remanded with directions to proceed in a manner not inconsistent with the views expressed in this opinion.

All the Justices concur.