**In the Matter of the Sales Tax Protest of WAL–MART STORES, INC., d/b/a Sam's Wholesale Club.**

**WAL–MART STORES, INC., d/b/a Sam's Wholesale Club, Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

No. 75881.

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 6, 1991.

Certiorari Denied Oct. 15, 1991.

Ronald J. Saffa, Reece B. Morrel, Tulsa, for appellant.

Joe Mark Elkouri, General Counsel, Marjorie L. Welch, Asst. General Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

This appeal is from an Order of the Oklahoma Tax Commission which found that Protestant, Wal–Mart Stores, Inc., had

failed to collect and remit sales tax from a number of purchasers who had bought tangible personal property. Additional sales tax was assessed against Protestant together with penalty and interest for a total of $139,236.67.

A field audit was conducted for the period April 1, 1983, through March 31, 1986, of the Protestant's records of its business known as Sam's. Sam's is a chain of stores owned by Protestant and operated in a warehouse format. Some of the purchasers are retail businesses which hold tax permits to buy goods for the purpose of reselling those goods. According to applicable statutes, these businesses do not have to pay sales tax to the seller on items purchased for resale and Protestant was not obligated to collect and remit sales tax on such items. 68 O.S.Supp.1990, § 1357(C). However, the statutes did require Protestant to collect taxes on items purchased by these same businesses which were not for resale. The applicable statute provides that the burden of proving that a sale was not a taxable sale is upon the person who made the sale. 68 O.S.Supp. 1987, § 1365(C).

I.

■ The first issue raised on this appeal is whether good faith compliance by Protestant with statutory and regulatory procedures in dealing with purchasers who wrongfully declare that certain items are for resale exonerates Protestant from its legal obligation to collect and remit said tax? We are persuaded that it does not.

The Tax Commission's authority to assess and collect sales tax is statutory. Thus, it is necessary to apply the statutory scheme enacted by the Legislature to address the issues at hand. Section 1361, 68 O.S.Supp.1986, provides that:

(A) The tax levied by this article shall be paid by the consumer or user to the vendor as trustee for and on account of this state. Each and every vendor in this state shall collect from the consumer or user the full amount of the tax levied by this article, or an amount equal as nearly as possible or practicable to the average equivalent thereof. Every person required to collect any tax imposed by this article, and in the case of a corporation, each principal officer thereof, shall be personally liable for said tax.

(B) Vendors shall add the tax imposed by this article, or the average equivalent thereof, to the sales price, charge, consideration, gross receipts or gross proceeds of the sale of tangible personal property or services taxed by this article *and when added such tax shall constitute a part of such price or charge, shall be a debt from the consumer or user to vendor until paid, and shall be recoverable at law in the same manner as other debts.*

It is clear that this statutory scheme does not relieve the seller of the burden of collecting and remitting sales tax. In fact, it becomes a debt of the purchaser to the seller. This statute does provide criminal penalty against the purchaser for wrongfully using its tax permit by falsely claiming items for resale, but does not relieve the seller of its burden to collect and remit the sales tax. It is a debt owed by the purchaser to the seller and the seller must enforce it as such.

■ Protestant cites the law of a number of jurisdictions which statutorily relieves the seller of its burden of collecting tax on sales to purchasers who represent to the seller that the purchases are for resale. In each case, the seller's burden is relieved by statute or regulation. Comparable relief is not found in Oklahoma law and we find no justification to judicially create such an exemption. Exemption statutes are to be strictly construed against exemptions. *Bert Smith Road Machinery Co. v. Oklahoma Tax Commission,* 563 P.2d 641 (Okl.1977).

II.

■ Protestant asserts that the Oklahoma Tax Commission should be estopped

from collecting the assessment at issue because of Protestant's good faith compliance with 68 O.S.Supp.1987, § 1365(D), and the related Oklahoma Sales Tax Regulation 13–41, which require the purchaser to supply seller with purchaser's tax permit number and to certify in writing to vendor that purchaser is in the business of reselling the articles purchased. Protestant further bolsters this argument by the fact that the Tax Commission supplied or participated in supplying the Multi–Jurisdiction Sales Tax Exemption Certificates. Protestant relied on and used the certificates in claiming the exemption for resale sales.

Protestant's claim of waiver or estoppel is refuted by the underlying statutory scheme. The statutes unmistakably place the burden on the seller to collect and remit sales tax on items not purchased for resale.

Generally, Oklahoma jurisprudence does not allow the application of estoppel against the state, the political subdivisions or agencies, unless its interposition would further some principle of public policy or interest. The rationale for recognizing a governmental shield from estoppel is to enable the state to protect public policies and interests from being jeopardized by judicial orders preventing full performance of legally imposed duties. Hence, some stronger, more compelling policy or interest must be advanced before estoppel could be invoked against either the state or a public agency.

*Burdick v. Independent School District,* 702 P.2d 48, 53 (Okl.1985) (Citations omitted). The actual issue becomes whether some prevailing public interest requires an exception to the general rule precluding the use of estoppel against the government? We find none. To entertain a defense of estoppel or waiver would be contrary to the express purpose of the sales tax statutes which make the seller liable to the state for the taxes not collected. It is the seller who has the legal duty to collect and remit the tax. Although we agree that the burden placed on vendors is a heavy one, we find

no overriding reason to decide this case contrary to the statutory scheme.

### III.

Protestant next contends that there is no rational foundation for the proposed assessment and it is therefore erroneous, excessive, arbitrary and capricious. This assignment of error is premised on the assertion that once Protestant complied with the statutes and regulations, the state had the burden to prove the tax was due. Because of our finding on the prior issues, we find this allegation is not supported by the evidence or the law. The burden remained with the seller to show the exemption existed. The additional fact that the State provided inaccurate or incomplete information of the numbers assigned to businesses by the Internal Revenue Service indicating the nature of purchaser's business does not make the assessment arbitrary, capricious, and without foundation. The statutory scheme does not in any instance shift the burden to the State to prove an exemption and the actions of the Tax Commission were authorized by relevant statutes. So, too, was the assessment of a penalty and interest. The mere fact that a statute exists which allowed a remittitur of penalty and interest, 68 O.S.Supp. 1989, § 220, does not require the Tax Commission to apply it to Protestant's case.

We hold that the findings of fact and law of the Administrative Law Judge which were adopted as the Order of the Tax Commission are supported by competent evidence and relevant law, and should be affirmed.

AFFIRMED.

JONES, J., concurs.

HANSEN, P.J., dissents.