EXXON CORPORATION and El Paso Natural Gas Company, Appellants,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 79130.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 2, 1993.

Rehearing Denied Jan. 25, 1994.

Certiorari Denied April 19, 1994.

---

**23.** *See, e.g., Bennett v. Hall,* 431 P.2d 339 (Okl. 1967).

**24.** *Brown,* 563 F.2d at 983.

**25.** *Chandler v. Denton,* 741 P.2d 855, 868 (Okl. 1987).

William J. Legg, Richard B. Kells, and Timothy M. Larason, Oklahoma City, for appellants.

David Hudson and Kathryn Bass, Oklahoma City, for appellee.

## OPINION

HANSEN, Chief Judge:

Appellant, Exxon Corporation, is an Oklahoma gas producer. Appellant, El Paso Natural Gas Company, purchases gas from Exxon for transport into interstate commerce. Exxon and El Paso entered into approximately 124 gas purchase contracts whereby Exxon agreed to sell gas to El Paso. Twenty eight of these contracts were Oklahoma contracts. The contracts contained take-or-pay provisions which required El Paso to

take certain quantities of gas or pay for it even if not taken. These take-or-pay payments were recoupable and, except for two contracts, refundable if not recouped.

In 1988, Exxon initiated two lawsuits against El Paso, one in federal court and one in a Texas district court. These lawsuits, among other things, alleged El Paso had breached the gas purchase contracts by failing to comply with the take-or-pay deficiency provisions. The claims included prayers for prejudgment interest. In January of 1989 El Paso paid Exxon $42 million, $18,072,964.00 of which was attributable to Oklahoma contracts, in settlement of the lawsuits and in consideration for Exxon's dismissal of the lawsuits. The payment represented a one time nonrecoupable nonrefundable cash payment. It was not a payment for future gas purchases. None of the Oklahoma contracts was terminated as a result of the agreement. The settlement agreement provided that Exxon was responsible for any production taxes that might be due on the payment. However, no taxes were paid on the settlement monies.

The Business Tax Division of the Oklahoma Tax Commission conducted an audit of Exxon. As a result, Commission issued an assessment of gross production and petroleum excise taxes against El Paso on the $18 million settlement. Commission based the assessment on 68 O.S.1991 § 1009(g). Exxon and El Paso timely protested the assessment and requested a hearing pursuant to 68 O.S. 1991 § 221(d), claiming the entire settlement payment was interest on the deficiencies that Exxon would have earned had El Paso paid pursuant to the contract.

At the hearing, Exxon's witness testified the settlement payment represented interest even though in its accounts it was not booked to an interest account. The representative of Commission's Business Tax Division testified that the audit section did not make a distinction between recoupable and non-recoupable take-or-pay settlement payments and that both are subject to gross production taxes.

He further testified, however, that if a take-or-pay settlement agreement allocates amounts to principal and interest, the interest portion is not subject to gross production tax. He did not know that Exxon claimed the settlement payment to be interest until Appellants filed their protest.

After the hearing, the Administrative Law Judge (ALJ) made specific findings of fact and conclusions of law and recommended denial of the protest. Commission adopted the ALJ's recommendations. Additionally, Commission, upon recommendation of the ALJ, refused to waive the assessed penalty for failure to pay. Both El Paso and Exxon appeal Commission's order.

68 O.S.1991 § 1009(g) provides:
Pursuant to the provisions of a gas purchase contract or agreement, if the first purchaser makes payments to the producer as a result of the failure or refusal of said purchaser to take gas, said payments, for purposes of this article, are hereby deemed to be part of the gross value of gas taken according to said contract or agreement. The gross production tax shall be calculated upon the gross value, including said payments, in accordance with the provisions of this article. Gas on which the gross production tax has been paid in this manner when taken by said purchaser shall be reported as gas on which said tax has been paid. If said gas, which corresponds to such payments, is not taken but payments therefor are retained by the producer, then said payments are hereby deemed to be a premium on gas which was taken under said contract or agreement.

■ Interest portions of a take-or-pay settlement are not subject to gross production tax.[1] Therefore, if the settlement payment was interest, it was non-taxable. Commission found the payment was not interest in that Exxon's lawsuits were for money judgments for take-or-pay deficiencies. In addition, the settlement agreement stated the payment was in lieu of making payment for all of El Paso's obligations under the con-

---

1. In Oklahoma Tax Commission Precedential Order No. 89–09–28–009, Commission determined a nonrecoupable interest payment was not subject to taxation under § 1009(g). However, in that decision, unlike in this case, the settlement agreement specifically set forth that the payment was interest.

tracts. The settlement agreement did not specifically identify any part of the payment as interest. Accordingly, under § 1009(g) Commission found the settlement payment taxable.

The Gross Production Tax Code, 68 O.S. 1991 § 1001 et. seq. levies a tax on the gross value of production of oil and gas. The tax is not added to the price of the gas, as is a sales tax, but rather, it is deducted from the first sales proceeds of the gas. Under § 1009(g), added to the Code in 1983, take-or-pay payments are deemed part of the gross value of the gas taken under the contract.

■ The original gas purchase contracts provided the take-or-pay payments were recoupable, and except for two of the contracts, were refundable if not recouped. Exxon had the option at the end of the primary term to either terminate the contract and refund any unrecouped deficiency payments or to extend the term until El Paso recouped the gas. Appellants point out, however, that El Paso never made the take-or-pay payments and the settlement agreement provided that the payments were *not* recoupable or refundable. Thus, they argue, § 1009(g) does not impose a tax on take-or-pay settlement payments. A plain reading of this statute does not support Appellants' argument.

■ If production taxes are paid on a recoupable refundable take-or-pay payment made by a purchaser to a producer, which payment is not recouped in gas and is later refunded to the purchaser, the purchaser would be entitled to a refund of the taxes on the refunded amount if a timely claim is filed.

■ A take-or-pay payment is taxable at the time of payment. If the producer later refunds the money, a tax refund may be granted, but this does not make the original payment nontaxable. Neither is there an exception in § 1009(g) for payments that may not be refunded.

■ Under § 1009(g), take-or-pay payments made by the purchaser are deemed part of the gross value of the gas taken. The gross production tax is calculated on the gross value of the gas which includes take-or-pay payments. If the payment is recouped, the gas is reported to Commission as gas upon which taxes have been paid, thus preventing double taxation. If the payments are not recouped, they are considered a premium on gas taken. *See,* 68 O.S.1991 § 1010(b)(5). The Legislature made no exception for non-recoupable, non-refundable payments. The statute is unambiguous. Any rule of construction of tax statutes in favor of the taxpayer has no application if it contains no inconsistent provisions, no ambiguities, or uncertainties. *Cities Service Oil Co. v. Oklahoma Tax Commission,* 191 Okla. 303, 129 P.2d 597 (1942).

■ Appellants attack Commissions' adherence to the rule that whether a claim is resolved through litigation or settlement, its taxability is controlled by the nature of the underlying action. The nature of the litigation is, in turn, controlled by the origin and character of the claim which gave rise to the litigation. *Tribune Publishing Company v. United States,* 836 F.2d 1176, 1177, 1178 (9th Cir.1988).

Appellants submit the settlement agreement changed the nature of the claim. They attempt to convince us the payment under the settlement agreement was all interest that Exxon lost because of El Paso's breach of the contract. However, there is nothing in the record indicating Exxon sought damages for lost interest on the contracts. The dispute was over the take-or-pay deficiencies. The fact the settlement payment was non-recoupable and non-refundable does not make it interest.

■ Appellants further argue § 1009(g) violates the fourteenth amendment's due process and equal protection clauses. We do not agree. In taxation matters flexibility and variety are appropriate. *McCloud Telephone Company v. State Board of Equalization,* 655 P.2d 1037 (Okla.1982). Where taxation is concerned, and no specific federal right apart from equal protection is invoked, states have great leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation. *Bison Nitrogen Products co. v. Lucas,* 738 P.2d 147 (Okla.1987). A producer who has received a take-or-pay payment is not so similarly situated to a producer who has received a pre-

payment under a prepayment provision in a gas purchase contract as to require equal taxation treatment. The Legislature did not violate the fourteenth amendment in enacting § 1009(g) applying the tax only to take-or-pay payments.

As stated in the Findings, Conclusions and Recommendations, adopted by Commission, the settlement agreement provided that El Paso was to make a $42,000,000.00 ($18,000,-000.00 on Oklahoma contracts) payment to Exxon which represented a one-time, non-recoupable, non-refundable cash payment and was not a payment for future gas purchases, and was made by El Paso in lieu of making payment for all of El Paso's obligations released by seller and to buy down El Paso's future purchase obligations. There was no mention made in the agreement of payment in lieu of interest Exxon lost. Further, Commission found the parties never discussed or contemplated that any of the settlement reflected lost interest. The agreement settled the take-or-pay claims. This is the best evidence of the taxability of the settlement proceeds. If Exxon obtained a judgment on its claims in court, clearly the judgment proceeds would be subject to the gross production tax. The evidence submitted by Appellants does not overcome the evidence established by the underlying nature of the original lawsuit. We see no reason to treat a settlement of the lawsuit in a different manner. Commission made a factual determination the settlement payment was not interest. We find no error in Commissions's denial of Appellants' protest. Its order is supported by substantial evidence. *Dugger v. State ex rel. Oklahoma Tax Commission,* 834 P.2d 964 (Okla.1992).

■ Appellants claim error by Commission in refusing to waive the penalty and interest due for failure to pay the taxes. The mere fact a statute exists allowing remittitur of penalty and interest does not require Commission to waive it. *Wal–Mart Stores, Inc. v. Oklahoma Tax Commission,* 817 P.2d 1281, 1284 (Okla.App.1991). 68 O.S.1991 § 220(a) provides:

The interest or penalty or any portion thereof ordinarily accruing by reason of a taxpayer's failure to file a report or return or failure to file a report or return in the correct form as required by any state tax law or by this Code or to pay a state tax within the statutory period allowed for its payment may be waived or remitted by the Tax Commission provided the taxpayer's failure to file a report or return or to pay the tax is satisfactorily explained to the Tax Commission, or provided such failure has resulted from a mistake by the taxpayer of either the law or the facts subjecting him to such tax, or inability to pay such interest or penalty resulting from insolvency.[2]

■ The taxes herein involved were due March, 1989. They were paid under protest in February of 1992. It was not until Commission's audit of Exxon's records that Exxon made the payment. It is also clear the parties contemplated gross production taxes might be due, as the settlement agreement provided Exxon would be responsible for any production tax liability. Commission adopted the recommendation of the ALJ who heard the case to deny the waiver. He stated that although no rules, regulations or decisions concerning § 1009(g) were in effect at the time of the assessment, the language of the statute was clear and unambiguous and the intent of the Legislature plainly expressed.

Section 220 makes waiver of interest and penalty discretionary with Commission. Although this Court certainly has the power to order a remittitur of the interest and penalty,[3] we will not do so unless Appellants show us Commission abused its discretion. We find no reason to do so here.

AFFIRMED.

JONES, P.J., and ADAMS, J., concur.

**2.** The statue further provides that if the waived amount is more than $1,500.00, it must be approved by the Oklahoma District Court.

**3.** *Rogers v. Oklahoma Tax Commission,* 466 P.2d 650 (Okla.1970).